(No. 45871.—

EDGAR COUNTY BANK AND TRUST CO., Guardian, Appellee, v. PARIS HOSPITAL, INC., *et al.*, Appellants.

*Opinion filed May 29, 1974.*

Jack E. Horsley, Richard F. Record, Jr., and Stephen L. Corn, of Craig & Craig, all of Mattoon, for appellant Paris Hospital, Inc.

Robert L. Gibson, of Massey, Anderson and Gibson, of Paris, for appellant Augusta Bostick.

John E. Norton, of Belleville, and Harold M. Jennings, of Markowitz, Lawrence, Lenz & Jennings, of Bloomington (Edward J. Kionka, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Edgar County National Bank of Paris, guardian of the estate of Douglas Huffman, a minor, appealed from the judgment of the circuit court of Edgar County dismissing its action against the defendants, Paris Hospital, Inc., and Augusta Bostick seeking to recover damages for personal injuries suffered by its ward. The appellate court reversed the judgment as to counts I, II, III and V of plaintiff's third amended complaint, affirmed as to count IV, and remanded the cause to the circuit court for further proceedings. (10 Ill. App. 3d 465.) We allowed defendants' petition for leave to appeal, and plaintiff has cross-appealed from that portion of the judgment of the appellate court which affirmed the circuit court's dismissal of count IV. (50 Ill.2d Rules 318(a) and 366.) The facts are stated and the pleadings reviewed in the appellate court opinion and will be restated here only to the extent necessary to this opinion.

In counts I, II, III and V plaintiff alleged that the defendant hospital, in the' course of administering an intramuscular injection, negligently caused injury to its ward, alleging in counts I and III that at the time of the occurrence it was acting "through its duly authorized agent and employee Dr. J. H. Acklin" and in counts II and V that it acted "by and through its duly authorized agent and employee Mrs. Augusta Bostick." In count IV plaintiff

pleaded a *res ipsa loquitur* theory of liability, which will be discussed in greater detail later in this opinion.

The record shows that, acting under the authority of an order of the circuit court, plaintiff had accepted the sum of $25,000 from Dr. Acklin, who had been joined as a party defendant in the original complaint filed in this action, and had executed both a covenant not to sue, which expressly reserved the right of plaintiff to pursue the claim against the defendant hospital, and a stipulation for the dismissal, with prejudice, of the action against Dr. Acklin. The pertinent portions of the covenant and stipulation are set out in the opinion of the appellate court. (10 Ill. App. 3d 465, at 468.) The circuit court, citing *Holcomb v. Flavin,* 34 Ill.2d 558, and *Bank of America v. Jorjorian,* 303 Ill. App. 184, dismissed the action and entered judgment in favor of defendants.

Defendants, citing *Holcomb v. Flavin,* 34 Ill.2d 558, contend that the execution of the covenant not to sue Dr. Acklin, notwithstanding the provision therein that it would not affect plaintiff's claim against his employer, extinguished the defendant hospital's liability and bars plaintiff's action against both defendants. Acknowledging that in *American National Bank and Trust Co. v. The Pennsylvania R.R. Co.,* 40 Ill.2d 186, the court distinguished the covenant not to enforce a judgment from the covenant not to sue in *Holcomb,* on the ground, *inter alia,* that it expressly reserved the covenantor's right to enforce the judgment against another defendant railroad, whereas in *Holcomb* no right of action against the employer was reserved, defendants argue that *Holcomb* controls here and that plaintiff's action is barred.

In *Holcomb* the court pointed out that in those jurisdictions which had held that the covenant not to sue the servant or agent did not bar an action against the master or principal, the instruments had contained express reservations of the covenantor's right to proceed against the covenantee's master or principal. (See also *Steeg and*

*Associates v. Rynearson,* 143 Ind. App. 567, 241 N.E.2d 888; *Plath v. Justus,* 28 N.Y.2d 16, 319 N.Y.S.2d 433, 268 N.E.2d 117.) The controlling distinction drawn in *American National Bank* applies here, and we hold that the covenant not to sue Dr. Acklin, which contained an express provision that it did not affect plaintiff's right to seek recovery against his employer, did not serve to bar plaintiff's action against either the defendant hospital or Dr. Acklin's co-employee, defendant Augusta Bostick.

Defendants contend next that the dismissal, with prejudice, of plaintiff's cause of action against Dr. Acklin bars plaintiff from further prosecuting its action against these defendants. They argue that "The law is well established in Illinois that dismissal by a court of a cause 'with prejudice' is as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff and is *res judicata* of all questions which might have been litigated in the suit." The authorities cited by defendants in support of their argument are either not in point or so clearly distinguishable on their facts as to require no further discussion. Although this court has not previously considered the question, the appellate court has held that the dismissal of one defendant, with prejudice, does not bar an action against other defendants who might be held jointly or severally liable (see *Elder v. Robins,* 7 Ill. App. 3d 657; *Hansel v. Chicago Transit Authority,* 132 Ill. App. 2d 402; *Holt v. A. L. Salzman & Sons,* 88 Ill. App. 2d 306) and we so hold.

Defendants contend that "plaintiff's third amended complaint was insufficient as a matter of law to state a cause of action because the allegations therein were of conclusions and not of facts." In their argument they fail to point out in what manner counts I, II, III and V of the third amended complaint are insufficient. We have examined these counts and the motions attacking them and hold that they state a cause of action.

In its cross appeal, plaintiff contends that the trial

court erred in dismissing count IV of its third amended complaint, which plaintiff argues stated a cause of action against the defendant hospital under the doctrine of *res ipsa loquitur*. The circuit court held that the doctrine did not apply because the injection cannot "be said to be the exclusive cause of the injury" or the "exclusive act of negligence," and the appellate court affirmed the circuit court in a single sentence, holding that the doctrine does not apply to the facts alleged in count IV. The defendant hospital, relying principally upon *Graham v. St. Luke's Hospital,* 46 Ill. App. 2d 147, argues that the doctrine of *res ipsa loquitur* is not applicable to the facts alleged in count IV.

Count IV alleges that the defendant owned and operated a hospital, that plaintiff's ward, then 17 months of age, was brought to its emergency room where Dr. Acklin, a duly licensed physician, and defendant Augusta Bostick, a registered nurse, were employed, that Dr. Acklin and Mrs. Bostick administered an intramuscular injection in the buttocks of plaintiff's ward, that plaintiff's ward exercised "no control, direction or management whatsoever over the administration of the injection" and it was "exclusively and solely within the control, direction, management and supervision" of the defendant hospital and its agents and employees, that it was the defendant hospital's duty "to use reasonable care in the injection procedure so as not to cause injury" to plaintiff's ward, that as the direct and proximate result of the injection plaintiff's ward suffered a foot drop, permanent impairment of his foot and calf, impaired motor functions and weakness in the hip and knee, has undergone surgery and a bone transplant, and

> "12. The occurrence speaks for itself; that is, the occurrence would not have taken place and the results would not have occurred in the ordinary course of things if the defendant had not carelessly or negligently failed to

use proper care in the circumstances, said injection procedures being under the exclusive control, direction and management of the defendant hospital."

Much has been written in recent years on the question of the applicability of the doctrine of *res ipsa loquitur* to medical malpractice and hospital negligence cases. (See, *e.g.,* Harney, Medical Malpractice, p. 165; The Application of Res Ipsa Loquitur in Medical Malpractice Cases, 60 Nw. U.L. Rev. 852 (1966); Note, Malpractice and Medical Testimony, 77 Harv. L. Rev. 333 (1963); Louisell and Williams, Res Ipsa Loquitur—Its Future in Medical Malpractice Cases, 48 Calif. L. Rev. 252 (1960); see also annotations 9 A.L.R.3d 1315 (1966); 82 A.L.R.2d 1262 (1962).) Our examination of these articles and the authorities collected in the annotations leads us to conclude that much of the difficulty encountered in the cases arises from the failure to recognize that the application of the doctrine of *res ipsa loquitur* does not affect the necessity or manner of proof of proximate cause and that it is relevant only to the nature of the proof from which the trier of fact may draw an inference of negligence. In *Metz v. Central Illinois Electric and Gas Co.,* 32 Ill.2d 446, the court said:

"When a thing which caused the injury is shown to be under the control or management of the party charged with negligence and the occurrence is such as in the ordinary course of things would not have happened if the person so charged had used proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the party charged, that it arose from want of proper care. (*Feldman v. Chicago Railways Co.,* 289 Ill. 25; *Bollenbach v. Bloomenthal,* 341 Ill. 539.) This in essence is the doctrine of *res ipsa loquitur,* and its purpose is to allow proof of negligence by circumstantial evidence when the direct evidence concerning cause of injury is

primarily within the knowledge and control of the defendant. ***

Whether the doctrine applies in a given case is a question of law which must be decided by the court, but once this has been answered in the affirmative, it is for the trier of fact to weigh the evidence and determine whether the circumstantial evidence of negligence has been overcome by defendant's proof." 32 Ill.2d at 448-450.
No reason appears why, given the appropriate state of facts, the doctrine is not applicable to an action involving medical malpractice and hospital negligence.

This court has held that a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover. (*Winnett v. Winnett,* 57 Ill.2d 7; *Miller v. DeWitt,* 37 Ill.2d 273, 287.) In determining whether the motion to dismiss was properly allowed the well-pleaded allegations of fact contained in count IV must be taken as true. At this stage, the case presents no question of proof of proximate cause and the well-pleaded allegation of the causal relationship between the intramuscular injection and the injury is sufficient to show that the injection was as required by *Metz,* the "thing which caused the injury." This leaves for determination the question whether the well-pleaded facts are sufficient to support the inference that in administering the intramuscular injection, the defendant hospital or its agent was negligent.

Defendants, relying on *Graham v. St. Luke's Hospital,* 46 Ill. App. 2d 147, argue that proof of a *prima facie* case of negligence in the administration of an injection requires expert testimony to prove a standard of care. They argue further that in *Ohligschlager v. Proctor Community Hospital,* 55 Ill.2d 411, this court cited *Graham* with approval and that had this court thought the doctrine of *res ipsa loquitur* to be applicable it "would not have found it necessary to state that the *prima facie* case was made by

reference to the manufacturer's recommendations." Our reference to *Graham* in *Ohligschlager* denotes neither approval nor disapproval of that opinion; it is referred to as the source of citations relevant to a statement in the opinion, and because we held in *Ohligschlager* that the evidence was sufficient to make a *prima facie* case on the specific allegations of negligence there was, therefore, no occasion to discuss the applicability of the doctrine of *res ipsa loquitur.*

*Graham* involved a factual situation similar to that alleged here. While plaintiff was recuperating from a hysterectomy, a nurse employed by the defendant, St. Luke's Hospital, administered a hypodermic injection in her buttocks. The circuit court directed a verdict in favor of the defendant and the appellate court affirmed. The opinion shows that the appellate court concluded that plaintiff had failed to prove that the injection was the proximate cause of her injury (46 Ill. App. 2d 147, at 157), and then, after discussing the applicability of the doctrine of *res ipsa loquitur* to injection cases held, without citation of authority, that it was not applicable.

In our opinion there is no valid reason for holding that the doctrine is inapplicable to all injection cases. The administration of intramuscular injections is now so commonplace that it is highly improbable that anyone has not undergone the experience. The procedure is indeed so generally in use that the injections, for the most part, are administered by nurses and other hospital personnel without the supervision or even the presence of a physician. Under these circumstances, when a causal relationship is shown between an intramuscular injection and an injury, as we said in *Metz,* 32 Ill.2d 446, at 451, "in view of its superior knowledge of the facts at hand ***" the defendant hospital "has the duty to come forward and make explanation."

For the reasons set forth, we hold that count IV of plaintiff's third amended complaint stated a cause of

action. The judgment of the appellate court is reversed in so far as it affirms the dismissal by the circuit court of count IV, and in all other respects its judgment is affirmed. The cause is remanded to the circuit court of Edgar County for further proceedings.

*Affirmed in part and reversed*
*in part and remanded.*