VIRGINIA WALKER, Plaintiff-Appellant, *v.* DONALD RUMER, Defendant-Appellee.

Fourth District   No. 14031

Opinion filed August 8, 1977.—Rehearing denied September 23, 1977.

Gilbert Saikley and Albert Saikley, both of Saikley, Garrison & Associates, of Danville, for appellant.

Donald M. Tennant, of Dobbins, Fraker & Tennant, of Champaign, for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

The question certified in this Rule 308 appeal (Ill. Rev. Stat. 1975, ch. 110A, par. 308) is whether or not the allegations of count II of plaintiff's complaint support a cause of action under the theory of *res ipsa loquitur.*

Plaintiff Virginia Walker filed a two-count medical malpractice action against defendant Donald Rumer, who filed a motion to dismiss both counts, alleging, in part, that count II did not support a cause of action under *res ipsa loquitur*. The trial court denied defendant's motion as to count I and granted the motion as to count II. Plaintiff timely filed leave to appeal after proper Rule 308 certification, and this court granted the application.

■■   The allegations of count II reveal that on July 18, 1974, Rumer performed a bilateral palmar fasciectomy to Mrs. Walker's hands. She alleges that, at all pertinent times, she was exercising ordinary care and was under the exclusive control, care and custody of Rumer; and that as a proximate result of defendant's negligence and carelessness, she sustained severe and permanent injuries to her hands, suffered shock and pain, lost the use of both of her hands and will require additional surgery. As stated in *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 312 N.E.2d 259, a cause of action should not be dismissed unless it clearly appears that no set of facts can be proved which will entitle plaintiff to recover and the allegations of fact which were properly pleaded must be taken as true.

■■ ■   Although no transcript of the arguments of counsel and the court's decision on defendant's motion to dismiss appears in the record on appeal, it is clear that dismissal was based on the inapplicability of *res ipsa loquitur* to the facts alleged. Defendant Rumer asks this court to decide whether the complaint lacks an essential element of pleading, *i.e.*, that the injury would not have taken place and the result would not have occurred in the ordinary course of events if defendant had not been negligent. He contends that for that reason alone, dismissal was appropriate. The trial court's Rule 308 certification does not include this issue and we are under no compulsion to address it; however, since earlier case law on this point is not entirely dispositive, comment on this issue will be made. Walker's count II alleges her due care, defendant's duty, defendant's exclusive control, and unknown acts negligently performed which proximately caused the injuries sustained. These general allegations of negligence are sufficient allegations under the doctrine of *res ipsa loquitur*. The inference to be drawn from such allegations need not be pleaded.

The issue to be determined on this appeal is whether the doctrine of *res ipsa loquitur* is applicable to the facts alleged. The supreme court in *Edgar County* held that no reason appears why, given the appropriate state of facts, the doctrine of *res ipsa loquitur* is not applicable to an action involving medical malpractice and hospital negligence. Plaintiff argues that the court in *Edgar County* held that doctrine applicable to medical malpractice and hospital negligence suits without limitation.

Defendant contends that *Edgar County* does not hold, or even intimate, that the doctrine of *res ipsa loquitur* should be applied without limitation, since the court there clearly established that the application of the doctrine is the exception rather than the rule. He concedes that the court determined that there is no valid reason for holding that the doctrine of *res ipsa loquitur* is inapplicable to all cases involving intramuscular injections.

We agree with Rumer's interpretation that *Edgar County* did not indicate that the supreme court established the rule that the doctrine of *res ipsa loquitur* was automatically applicable to all medical malpractice and hospital negligence suits. At the same time, however, we find nothing in *Edgar County* to rule out the application of the doctrine to all such cases. We are aware of the numerous appellate decisions refusing to apply the doctrine of *res ipsa loquitur* to medical malpractice and hospital negligence cases. These courts, however, have historically recognized that there is a "common knowledge" exception to the general rule barring the application of the doctrine of *res ipsa loquitur* to such suits.

This court in *Estell v. Barringer* (1972), 3 Ill. App. 3d 455, 460, 278 N.E.2d 424, 428, defined the "common knowledge" exception to the normal evidentiary burden to be "[w]here the negligence of the doctor is so obvious, or the remedy so mundane, as to be within the everyday ken of the layman." The court in *Estell* also stated that *res ipsa loquitur* may be applicable to medical malpractice cases where the conduct of the doctor is so grossly remiss as to fall within the common knowledge of a layman. It is obvious, therefore, that appellate courts of this state, while holding that the doctrine of *res ipsa loquitur* is generally not applicable to medical malpractice cases, have applied such doctrine under the exception of "common knowledge."

The consequence of the application of the doctrine of *res ipsa loquitur*, either directly or as a "common knowledge" exception, is the same. Each permits an inference of negligence and allows a medical malpractice or hospital negligence suit to go to the jury without expert testimony, thereby avoiding a directed verdict, with the practical results of requiring the doctor or the hospital defendant to come forward with the evidence based on superior knowledge of what has transpired.

The reluctance of the courts to apply the theory of *res ipsa loquitur* to medical malpractice and hospital negligence cases, except under the "common knowledge" exception, is the absence of the basic premise and inference of *res ipsa loquitur, i.e.*, that the injury would not ordinarily occur without negligence. But must a litigant await court determination in each case as to whether the cause of action is embraced within the exception? Litigants, obviously, have disagreed as to whether the treatment afforded was a matter of common knowledge, as have the

courts when confronted with their dispute. Due to the disparity in specialized education, what is common knowledge in the medical area to a physician or surgeon will differ, in great degree, from that of the layman. Further, as a review of the articles cited in *Edgar County* reveals, would it be unreasonable to require a defendant-physician or hospital to come forward with expert testimony, readily available to the defense, to explain that the injury complained of arose from an error in diagnostic judgment, which is not negligence, or as a result of a calculated risk made known to the patient or a simple bad result, also not negligence? We believe not.

■■ We see no reasonable basis for limiting the application of *res ipsa loquitur* in medical malpractice and hospital negligence suits to situations where "common knowledge" would shift the evidentiary burden from the plaintiff to the defendant. The progress of the law in this respect has been for the decided cases to apply the "common knowledge" exception to the rule restricting the use of *res ipsa loquitur*, case by case and year by year until, in time, the exception will become the rule.

The doctrine of *res ipsa loquitur* has remained virtually unchanged since an English court stated in 1865:

> " '* * *[W]here the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care.' " (*Scott v. London & St. Katherine Docks Co.* (Ex. 1865), 159 Eng. Rep. 665, 667, quoted in *The Doctrine of Res Ipsa Loquitur in Alabama*, 26 Ala. L. Rev. 433, 434 (1974).)

The only additional element subsequently added to the doctrine is the standard negligence concept that the result was not due to the injured party's actions. See *Bekins Van Lines, Inc. v. Chicago Transit Authority* (1975), 33 Ill. App. 3d 996, 339 N.E.2d 507.

Applying the rule thus stated to the instant case, it is abundantly clear that, under most circumstances, the chief evidence of the true cause of a plaintiff's injury, whether culpable or innocent, is inaccessible to the patient, but, as a practical matter, accessible to the defendant. The plaintiff in a medical malpractice or hospital negligence case is not familiar with the treatment being afforded to him in virtually all cases, and, as a matter of fact, is often anesthetized and would physically be incapable of ascertaining the conduct of the physician or hospital and staff. It is difficult to think of a more appropriate situation for the application of the doctrine of *res ipsa loquitur*. Removing this limitation of the applicability of the doctrine in medical malpractice and hospital negligence cases does no more than place the doctor, the hospital or their

staff in the same status as any other defendant in any other negligence action. The patient is under the exclusive control of the doctor, the hospital, or their staffs and the results complained of would not ordinarily occur if those in control of the patient's treatment had not been negligent. The doctrine raises a presumption of negligence that operates only to shift the burden of going forward with the evidence; and, for example, had the patient previously been informed that the success of the operation was not reasonably certain or had the result complained of been the result of poor diagnostic judgment and not the negligence of the doctor, the hospital, or their staffs, the doctrine of *res ipsa loquitur* would be rendered inapplicable and the case would not be sent to the jury. In the same manner, the defendant-physician or hospital could amply be protected from cases of bad results or failure of cure alone, which do not give rise to an inference of negligence, and they need not be held to be a warrantor of cures. This result could be accomplished either by the allowance of either a motion for summary judgment before trial or a motion for directed verdict on the *res ipsa loquitur* count at the close of plaintiff's evidence.

For the reasons set forth, the judgment of the trial court is reversed and the cause is remanded to the circuit court of Champaign County for further proceedings in accordance with this opinion.

Reversed and remanded.

CRAVEN, P. J., and REARDON, J., concur.