JOHN R. GRUBB, Plaintiff-Appellant, *v.* EMMETT JURGENS, Defendant-Appellee.

Fourth District   No. 14332

Opinion filed March 17, 1978.

Marshall A. Susler and Robert D. Owen, both of Owen, Roberts, Susler & Taylor, of Decatur, for appellant.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (Jerald E. Jackson and Mark E. Jackson, of counsel), for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff John R. Grubb brought a negligence action against defendant Emmett H. Jurgens, an oral surgeon, to recover damages for alleged injuries resulting from a tooth extraction. The trial court directed a verdict for defendant on the count of the complaint which alleged defendant's failure to warn of the risk of injury, and the jury returned a verdict for

defendant on the other count which was based upon *res ipsa loquitur.* Plaintiff appeals, claiming that the directed verdict was erroneous and that an erroneous instruction was given to the jury.

According to plaintiff's testimony at trial, after his dentist advised him to have his lower left wisdom tooth pulled, he made an appointment with defendant for the extraction of the tooth on May 16, 1973. Plaintiff first asked defendant for a local anesthetic, but then agreed to a general anesthetic upon defendant's recommendation. Five days after the extraction, plaintiff returned to defendant's office with severe pain in his jaw and was treated for a dry socket. Plaintiff returned several times to have the packing changed, and on one such visit, he told defendant's brother, Dr. Paul Jurgens, who was treating him, about the pain and numbness in his lip, face, and tongue. Dr. Paul Jurgens said that feeling might come back "tomorrow or never." Plaintiff subsequently consulted his own dentist, his personal physician, his psychiatrist, a neurologist, and an oral surgeon from Carle Clinic in Urbana, Illinois, but he obtained no relief.

As a result of this numbness, plaintiff sometimes unknowingly chews or bites his tongue, causing it to bleed. He also experiences continuously a burning pain on the left side of his tongue and gum. Plaintiff's testimony concerning his tongue-biting episodes was corroborated by his wife, daughter, son-in-law, and a family friend.

Plaintiff also has been treated for chronic depressive neurosis by Dr. Otto Visintin, his psychiatrist, who prescribed an antidepressant (elavil) and a tranquilizer (valium). When plaintiff reported having a burning type pain, known as causalgia, Dr. Visintin referred him to his family physician to determine whether the pain was organic or psychogenic.

In November 1974, plaintiff consulted Dr. James C. Wellman, a specialist in oral surgery at Carle Clinic in Urbana, Illinois. Tests performed by Dr. Wellman indicated that plaintiff had no feeling on the left side of his tongue. When an injection for pain was given, plaintiff reported temporary relief, but the next day the pain returned. Dr. Wellman then made an incision in the gum. He found no bone or tooth fragments; the lingual nerve was not visible in an anomalous position; and he saw nothing to account for the pain and numbness. He testified that in his opinion the numbness and causalgia resulted from some sort of injury to the lingual nerve, but he had no opinion as to whether plaintiff's extraction was done carefully or not.

Dr. Wellman gave what was to be the critical testimony as to both issues raised on appeal. As to a duty to warn, he stated that, in the case of an erupted tooth, he would not warn a patient about the risk of nerve injury unless there was extreme twisting of the roots of the tooth. In the latter situation or in the case of an impacted tooth, he would tell

the patient about the possibility of anesthesia, but he would not warn of causalgia. He also testified that injury to the lingual nerve was not one of the ordinary results of a careful extraction of an erupted third molar, but he said such injury can occur when the surgeon has been extremely careful; however, an injury would be more likely when there is negligence.

Defendant presented the testimony of an oral surgeon and a neurologist, both of whom had examined plaintiff and both of whom had reached the conclusion that plaintiff had no objective abnormalities. Defendant testified as to the procedure used to remove the tooth. First he tried to use forceps, but the crown fractured; so he made an incision in the gum to remove the tooth fragments. The roots of the tooth were bifurcated with one root curving to the rear. He stated that there was nothing unusual in this extraction, that he performed it in a careful manner, and that this was an "everyday procedure." The notes on his clinical record indicated that he had warned plaintiff of a possible numb lip.

Plaintiff's complaint alleged, *inter alia*, that defendant cut, severed, or damaged the left lingual nerve in the course of removal of a wisdom tooth; that defendant was in complete control of the operation; and that in the usual, ordinary, and customary course of such surgery, injury to the left lingual nerve was not of the ordinary risks of this operation. Plaintiff also included an alternative allegation that, if an injury of the lingual nerve is one of the ordinary risks of such an operation, then defendant negligently failed to advise plaintiff of the risk.

At the close of plaintiff's case, defendant moved for a directed verdict, and in the course of argument on that motion, plaintiff's attorney said:

> "The Court please, I am not going to discuss the failure to warn because obviously the evidence at this stage does not support that charge."

The court ruled that there was failure of proof on the count charging a failure to warn and allowed defendant's motion for a directed verdict on that count, but refused to direct a verdict on the *res ipsa loquitur* count. At the conclusion of the trial, the jury returned a verdict in favor of defendant. Plaintiff has perfected this appeal.

■■■ Plaintiff contends the trial court erred in directing a verdict on the failure-to-warn issue because, on the basis of Dr. Wellman's testimony, there was sufficient evidence to go to the jury under the *Pedrick* rule. Defendant responds that plaintiff confessed error as to this issue and is bound by the statement of his attorney admitting the insufficiency of the evidence. We agree with defendant. A party cannot acquiesce in a ruling of the trial court and then claim error on appeal. *Fugate v. City of Peoria* (3d Dist. 1976), 44 Ill. App. 3d 692, 358 N.E.2d

712; *Kilbride v. Kilbride* (1st Dist. 1965), 64 Ill. App. 2d 355, 212 N.E.2d 252.

The second error assigned is the giving of defendant's instruction No. 3 in conjunction with plaintiff's instruction No. 9.

Plaintiff's instruction No. 9, Illinois Pattern Jury Instruction, Civil, No. 21.92 (2d ed. 1971) (hereinafter cited as IPI Civil) explained plaintiff's burden of proof under *res ipsa loquitur* as follows:

> "The plaintiff has the burden of proving each of the following propositions:
>
> First: That the plaintiff was injured.
>
> Second: That the injury was received from a surgical procedure which was under the defendant's control.
>
> Third: That in the normal course of events, the injury would not have occurred if the defendant had used ordinary care while the surgical procedure was under his control.
>
> If you find that each of these propositions has been proved, the law permits you to infer from them that the defendant was negligent with respect to the surgical procedure while it was under his control or management. If you do draw such an inference your verdict must be for the plaintiff if any injury or damage proximately resulted. But if, on the other hand, you find that any of these propositions has not been proved, or if you find that the defendant used ordinary care for the safety of others in his management of the surgical procedure, then your verdict should be for the defendant."

Since this instruction permits the jury to infer defendant's negligence, plaintiff reasons that it was inconsistent and improper to give, in addition, defendant's instruction No. 3 (IPI Civil No. 105.01) which says:

> "In treating a patient, a dentist must possess and apply the knowledge and use the skill and care that is ordinarily used by reasonably well-qualified dentists in the locality in which he practices or in similar localities in similar cases and circumstances. A failure to do so is a form of negligence that is called malpractice.
>
> The only way in which you may decide whether the defendant possessed and applied the knowledge and used the skill and care which the law required of him is from evidence presented in this trial by dentists called as expert witnesses. You must not attempt to determine this question from any personal knowledge you have."

■■ We think plaintiff's point is well taken that the second paragraph of defendant's instruction No. 3 is inconsistent with *res ipsa loquitur*; however, any error was harmless because plaintiff failed to present any proof that the injury would not have occurred had the defendant used

ordinary care. Dr. Wellman, the only witness to testify to this essential element of plaintiff's case, stated quite unequivocally that such an injury can occur even though ordinary care is used.

The requirements for *res ipsa loquitur* were set out by the supreme court in *Metz v. Central Illinois Electric & Gas Co.* (1965), 32 Ill. 2d 446, 448-49, 207 N.E.2d 305, 307, as follows:

> "When a thing which caused the injury is shown to be under the control or management of the party charged with negligence and the occurrence is such as in the ordinary course of things would not have happened if the person so charged had used proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the party charged, that it arose from want of proper care. [Citations.] This in essence is the doctrine of *res ipsa loquitur*, and its purpose is to allow proof of negligence by circumstantial evidence when the direct evidence concerning cause of injury is primarily within the knowledge and control of the defendant."

In *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 312 N.E.2d 259, the doctrine as defined in *Metz* was said to apply to medical malpractice cases when proximate cause is established by direct evidence. See *Borowski v. Von Solbrig* (1975), 60 Ill. 2d 418, 328 N.E.2d 301.

The traditional view of the applicability of the doctrine of *res ipsa loquitur* to medical malpractice suits was well stated in the case of *Walski v. Tiesenga* (1st Dist. 1977), 53 Ill. App. 3d 57, 368 N.E.2d 573, 576, *appeal allowed* (1978), ___ Ill. 2d ___, where the court said:

> "Except in those situations where the physician's conduct is so grossly negligent or the treatment so common that a layman could readily appraise it (*Lundahl v. Rockford Memorial Hospital Association* (1968), 93 Ill. App. 2d 461, 235 N.E.2d 671), the plaintiff in a medical malpractice action must establish through the use of expert testimony that the defendant physician was negligent in his treatment and that the injuries suffered by the plaintiff were the result of such negligence." Accord, *Burrow v. Widder* (1st Dist. 1977), 52 Ill. App. 3d 1017, 368 N.E.2d 443; *Estell v. Barringer* (4th Dist. 1972), 3 Ill. App. 3d 455, 278 N.E.2d 424.

In *Walker v. Rumer* (4th Dist. 1977), 51 Ill. App. 3d 1005, 367 N.E.2d 158, *appeal allowed* (1978), 67 Ill. 2d 596, the reviewing court abandoned the "common knowledge" limitation and concluded that *res ipsa loquitur* is applicable in every medical malpractice case where it is shown that the injury would not happen if proper care were used. The court stated:

> "[H]ad the result complained of been the result of poor diagnostic judgment and not the negligence of the doctor, the hospital, or

their staffs, the doctrine of *res ipsa loquitur* would be rendered inapplicable and the case would not be sent to the jury. In the same manner, the defendant-physician or hospital could amply be protected from cases of bad results or failure of cure alone, which do not give rise to an inference of negligence, and they need not be held to be a warrantor of cures. This result could be accomplished either by the allowance of either [sic] a motion for summary judgment before trial or a motion for directed verdict on the *res ipsa loquitur* count at the close of plaintiff's evidence." 51 Ill. App. 3d 1005, 1009, 367 N.E.2d 158, 161-62.

The reason for this rule comes from two fundamental legal precepts. The first is that a jury cannot be be permitted to speculate on the issue of causation, but must be given some concrete evidence on which to ground a conclusion.

The second precept is older and better established than the first: Liability will not be imposed unless the plaintiff proves that the defendant's conduct was the cause of the harm in question. Where expert testimony can do no more than establish that the defendant's conduct probably caused the harm, any imposition of liability is an abrogation of these factors.

■■ In this case, Dr. Wellman's single statement that such an injury was more likely to result from negligence than not was insufficient evidence of proximate cause to justify invocation of a presumption of negligence, particularly when consideration is given to other evidence adduced at trial. For example, Dr. Wellman referred to one study of anesthesia of the lingual nerve which listed 18 possible causes of such injury, and he twice stated the injury could result even though the surgery was carefully performed. We believe defendant's motion for directed verdict on the *res ipsa loquitur* charge should have been granted, and hence, the erroneous instruction is not cause for reversal. The judgment entered in the circuit court of Macon County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.