(No. 50071)

VIRGINIA WALKER, Appellee, v. DONALD RUMER, Appellant.

*Opinion filed October 6, 1978.*

496

Donald M. Tennant, of Dobbins, Fraker & Tennant, of Champaign, for appellant.

Gilbert H. Saikley and Albert Saikley, of Saikley, Garrison & Associates, of Danville, for appellee.

Jerome Mirza & Associates, of Bloomington (John J. Lowrey and William J. Harte, of counsel), for *amicus curiae* the Illinois Lawyers Association.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Upon allowance of defendant's, Donald Rumer's, motion to dismiss, the circuit court of Champaign County dismissed count II of plaintiff's, Virginia Walker's, two-count complaint. The circuit court made the required findings and pursuant to Supreme Court Rule 308(a) (58 Ill. 2d R. 308(a)) plaintiff sought, and the appellate court allowed, an appeal from the order. The appellate court reversed and remanded (51 Ill. App. 3d 1005), and we allowed defendant's petition for leave to appeal.

In count II plaintiff alleged that while she was under his professional care and in the exercise of due care for her own safety, defendant performed a surgical procedure known as a bilateral palmar fasciectomy and

"(5) That from July 18, 1974 and thereafter, the plaintiff and all instrumentalities were under the exclusive control, care, custody and supervision of the defendant;

(6) That while the plaintiff was under the exclusive control, care custody and supervision of the defendant, the plaintiff in some manner unknown to her sustained severe and permanent injuries to both of her hands;

(7) That said injuries were the result of carelessness and negligence of the defendant; ***."

The appellate court held that count II contained allegations sufficient to state a cause of action under the doctrine of *res ipsa loquitur* and that the circuit court erred in dismissing it.

The appellate court reasoned that because in most circumstances the evidence of the cause of a patient's injury was "inaccessible to the patient" and "accessible to the defendant," the application of the doctrine of *res ipsa loquitur* would do "no more than place the doctor, the hospital or their staff in the same status as any other defendant in any other negligence action." The court stated, too, that with the burden of going forward with the evidence shifted to the defendant, evidence that the

condition complained of resulted from a cause other than defendant's negligence would render the doctrine of *res ipsa loquitur* inapplicable; and if there were no evidence of negligence the case could be concluded either by summary judgment before trial or by directed verdict at the close of the plaintiff's case. (51 Ill. App. 3d 1005, 1008-09.) We do not agree that the doctrine of *res ipsa loquitur* is to be applied in the manner suggested by the appellate court.

Defendant contends that heretofore the doctrine has been limited in its application to those cases in which the "act of malpratice is understandable by the average person without the need of medical testimony." He argues that the rationale of *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, was that intramuscular injections are so commonplace that the doctrine was there applicable. He argues further that a bilateral palmar fasciectomy is not a commonplace surgical procedure and that the average person is not sufficiently familiar with and so able to understand what is involved as to permit an inference of negligence by application of *res ipsa loquitur.*

In *Metz v. Central Illinois Electric & Gas Co.* (1965), 32 Ill. 2d 446, 448-50, the court said:

"When a thing which caused the injury is shown to be under the control or management of the party charged with negligence and the occurrence is such as in the ordinary course of things would not have happened if the person so charged had used proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the party charged, that it arose from want of proper care. (*Feldman v. Chicago Railways Co.* 289 Ill. 25; *Bollenbach v. Bloomenthal,* 341 Ill. 539.) This in essence is the doctrine of *res ipsa loquitur,* and its purpose is to allow proof of negligence by circumstantial evidence when the

direct evidence concerning cause of injury is primarily within the knowledge and control of the defendant. \*\*\*

Whether the doctrine applies in a given case is a question of law which must be decided by the court, but once this has been answered in the affirmative, it is for the trier of fact to weigh the evidence and determine whether the circumstantial evidence of negligence has been overcome by defendant's proof."

In *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 305, the court held that "given the appropriate state of facts" the doctrine of *res ipsa loquitur* is applicable to an action involving medical malpractice.

Defendant's argument that the doctrine of *res ipsa loquitur* cannot be applied because the bilateral palmar fasciectomy performed in this case was not a "commonplace surgical procedure" with which the average person is familiar and able to understand indicates a misapprehension of the relationship between the "common knowledge" exceptions to the requirement of proof by expert testimony in medical malpractice cases and the doctrine of *res ipsa loquitur.* The requirement for the application of the doctrine of *res ipsa loquitur* is not that the surgical procedure be "commonplace" or that the "average person" be able to understand what is involved; the determination which must be made as a matter of law is whether "the occurrence is such as in the ordinary course of things would not have happened" if the party exercising control or management had exercised proper care. That determination may rest either upon the common knowledge of laymen or expert testimony. The statement in *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, that the administration of intramuscular injections is a commonplace pro-

cedure was not intended to limit the application of the doctrine of *res ipsa loquitur* to commonplace situations but to demonstrate that the complaint in that case alleged "the appropriate state of facts" to which the doctrine would apply.

Concerning the applicability of *res ipsa loquitur* to medical malpractice actions, the Restatement (Second) of Torts, section 328D, comment d (1965), states:

> "In the usual case the basis of past experience from which this conclusion may be drawn is common to the community, and is a matter of general knowledge, which the court recognizes on much the same basis as when it takes judicial notice of facts which everyone knows. It may, however, be supplied by the evidence of the parties; and expert testimony that such an event usually does not occur without negligence may afford a sufficient basis for the inference. Such testimony may be essential to the plaintiff's case where, as for example in some actions for medical malpractice, there is no fund of common knowledge which may permit laymen reasonably to draw the conclusion. On the other hand there are other kinds of medical malpractice, as where a sponge is left in the plaintiff's abdomen after an operation, where no expert is needed to tell the jury that such events do not usually occur in the absence of negligence."

Other courts which have considered the question have held that the foundation for the application of the doctrine of *res ipsa loquitur* may rest either on the common knowledge of laymen or on medical testimony. See *Perin v. Hayne* (Iowa 1973), 210 N.W.2d 609; *Fehrman v. Smirl* (1963), 20 Wis. 2d 1, 121 N.W.2d 255; *Horner v. Northern Pacific Beneficial Association Hospitals, Inc.* (1963), 62 Wash. 2d 351, 382 P.2d 518; *Mayor v. Dowsett* (Ore. 1965), 400 P.2d 234.

We are of the opinion that the method proposed by the appellate court for the procedure to be followed in medical malpractice cases pleaded on a theory of *res ipsa loquitur* is unsatisfactory. (51 Ill. App. 3d 1005, 1009.) In

these cases, as in others, the circuit court should be able to determine on a motion to dismiss whether a cause of action has been stated. In determining whether the doctrine is applicable the circuit court is required to decide as a matter of law whether "the occurrence is such as in the ordinary course of things would not have happened" if the party exercising control or management had exercised proper care. Although ordinarily only ultimate facts, and not conclusions or inferences, are to be pleaded, we are of the opinion that in the pleading of a cause of action in medical malpractice cases under the doctrine of *res ipsa loquitur,* reliance on the doctrine should be alleged. (See *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 303.) A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover. (*Winnett v. Winnett* (1974), 57 Ill. 2d 7; *Miller v. DeWitt* (1967), 37 Ill. 2d 273, 287.) Except for this allegation count II contains the allegations of fact essential to a complaint based on *res ipsa loquitur.* Whether, on these facts, the doctrine applies must be determined as a matter of law, and at this stage of the proceedings we are unable to say that plaintiff will be unable to show that *res ipsa loquitur* is applicable.

For the reasons stated the judgment of the appellate court is affirmed.

*Judgment affirmed.*