JUNE TRAMMEL, Plaintiff-Appellant, v. HARRISBURG MEDICAL CENTER, INC., Defendant-Appellee.

Fifth District    No. 5—94—0625

Opinion filed June 26, 1995.

Bernard J. Ysursa, of Cook, Shevlin, Ysursa, Brauer & Bartholomew, Ltd., of Belleville, for appellant.

Jodee Favre Jones and Christine M. Snell, both of Cremeens & Associates, of Belleville, for appellee.

PRESIDING JUSTICE MAAG delivered the opinion of the court:

The plaintiff, June Trammel, filed a medical malpractice complaint against National Emergency Services, Inc., Shaheda Mansuri, M.D., and Harrisburg Medical Center, Inc. (the Center), the defendant herein, on December 19, 1991. On March 19, 1993, the plaintiff entered into a release of her claims against Dr. Mansuri and National Emergency Services, Inc. The release reserved the plaintiff's rights to pursue her claim against *"any other remaining defendants."* (Emphasis added.) The release also stated that it "shall not in any way affect any remaining counts *against any other defendants*, and all other causes of action against any other defendants or potential defendants are to remain open against all other such defendants." (Emphasis added.) The circuit court entered an "Order Finding Good Faith Settlement" with regard to the release signed March 19, 1993. The plaintiff filed a motion for voluntary dismissal of her claim against the Center on October 21, 1993. On November 20, 1993, the circuit court entered an order granting the plaintiff's motion for voluntary dismissal without prejudice. The plaintiff filed a medical malpractice complaint against the Center on April 26, 1994. In response to the plaintiff's complaint that was filed on April 26, 1994, the Center filed a motion to dismiss the complaint with prejudice pursuant to section 2—619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—619 (West 1992)). On August 30, 1994, the circuit court entered

an order stating that the rule announced in *Gilbert v. Sycamore Municipal Hospital* (1993), 156 Ill. 2d 511, 622 N.E.2d 788, applied to the plaintiff's cause of action, and the court dismissed the plaintiff's complaint with prejudice. The plaintiff appeals.

The plaintiff claims that the circuit court erred in granting the Center's motion to dismiss with prejudice pursuant to section 2—619 of the Code. More specifically, the plaintiff claims that the rule announced by the Illinois Supreme Court in the *Gilbert* decision must be applied prospectively. The plaintiff contends that the *Gilbert* decision can only be applied to settlements occurring after October 21, 1993. We agree.

The *Gilbert* decision held that " 'any *settlement* between the agent and the plaintiff must also extinguish the principal's vicarious liability' " (emphasis added) (*Gilbert*, 156 Ill. 2d at 528, 622 N.E.2d at 797, quoting *American National Bank & Trust Co. v. Columbus-Cuneo-Cabrini Medical Center* (1992), 154 Ill. 2d 347, 355, 609 N.E.2d 285), even if the plaintiff's covenant not to sue the agent expressly reserves the plaintiff's right to seek recovery from the principal. By stating its holding in *Gilbert*, the Illinois Supreme Court overruled cases holding to the contrary. (See *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 312 N.E.2d 259; *Stewart v. Village of Summit* (1986), 114 Ill. 2d 23, 499 N.E.2d 450.) In *Gilbert*, the court recognized that its holdings in *American National Bank* and *Edgar County Bank* were inconsistent. *American National Bank* held that a plaintiff's settlement with an agent extinguishes the principal's vicarious liability, and *Edgar County Bank* renewed the principal's liability if the plaintiff's covenant not to sue the agent expressly reserved the plaintiff's right to seek recovery from the principal.

The *Gilbert* court continued by stating, "[T]he rule we announce today shall apply prospectively from the date of the filing of this opinion." (*Gilbert*, 156 Ill. 2d at 529, 622 N.E.2d at 797.) The court stated that retroactive application of *Gilbert* would be unfair to the plaintiff and cause her a great hardship because in her covenant not to sue the doctor, she expressly reserved her right to seek recovery from the hospital. The *Gilbert* court noted that a retroactive application would deprive the plaintiff of a right which she purposely and legally retained. The court concluded by stating that "a prospective operation in this case will avert injustice and hardship on plaintiff's part, who justifiably relied on the law expressed in cases such as *Edgar County Bank*." (*Gilbert*, 156 Ill. 2d at 530, 622 N.E.2d at 798.) Therefore, the court held that the *Gilbert* decision would apply prospectively from the date of the filing of the opinion, October 21, 1993.

■ Based upon the aforementioned analysis by the *Gilbert* court, it is clear that the new rule of law that the *Gilbert* court announced only referred to *settlements* entered into subsequent to October 21, 1993, that reserved rights against principals when releasing agents. The settlement in the case at hand was entered into on March 19, 1993, and at that time, the law allowed a plaintiff to release an agent and reserve its right to sue the principal. Although the *Gilbert* decision changed the law, we believe that it was made effective only for *settlements* entered into subsequent to October 21, 1993. Since the plaintiff's settlement was entered into prior to October 21, 1993, we believe that her reservation of rights against the Center should be given full force and effect. Hence, this suit should be reinstated.

■ The Center claims that if this court determines that *Gilbert* does not bar the plaintiff's cause of action, this court must find that plaintiff's case should be dismissed because *American National* controls this case, and by releasing the agent from further liability, the plaintiff released the principal. We disagree and hold that the aforementioned *Gilbert* analysis controls this case.

Due to the foregoing analysis of the *Gilbert* decision, we see no need to address the remaining contentions of either party.

Because the section 2—619 motion was improperly granted, we believe that the judgment should be reversed and this cause should be remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

CHAPMAN and WELCH, JJ., concur.