NOTICE
Decision filed 06/29/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250377-U

NO. 5-25-0377

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| SAMANTHA BILBREY and TUESDAY BILBREY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Macon County. |
| | ) | |
| v. | ) | No. 13-L-104 |
| | ) | |
| GERONIMO GARCIA JR., M.D.; DECATUR | ) | |
| EMERGENCY MEDICAL SERVICES-II, S.C.; | ) | |
| DECATUR MEMORIAL HOSPITAL, an Illinois | ) | |
| Not-for-Profit Corporation; DENNIS HEIM, M.D.; | ) | |
| and SPRINGFIELD CLINIC HEALTH SERVICES, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Decatur Memorial Hospital, an Illinois | ) | Erick F. Hubbard, |
| Not-for-Profit Corporation, Defendant-Appellee). | ) | Judge, presiding. |

_____

PRESIDING JUSTICE CATES delivered the judgment of the court.
Justice McHaney concurred in the judgment.
Justice Barberis dissented.

**ORDER**

¶ 1 *Held*: The trial court did not err in entering a summary judgment in favor of the defendant hospital where the plaintiffs' settlement with the alleged apparent agent of the hospital extinguished the hospital's vicarious liability for the negligence of its alleged agent. The order granting summary judgment is affirmed.

¶ 2 The plaintiffs, Samantha Bilbrey and Tuesday Bilbrey, appeal from the trial court's order granting summary judgment for Decatur Memorial Hospital (DMH) based on the court's finding that the plaintiffs' settlement with Geronimo Garcia, M.D., the alleged apparent agent of DMH,

1

extinguished any vicarious liability of DMH. The plaintiffs claim that summary judgment was improper because Illinois law allows a plaintiff to settle with an agent and expressly reserve the right to seek recovery for the vicarious liability of the principal where the principal's right to contribution or indemnity from its agent was time-barred. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      This is the second time this case has been before us. The facts were set out in detail in our prior order (*Bilbrey v. Garcia*, 2023 IL App (5th) 220278-U (July 31, 2023)) and will not be fully recounted here. An overview of the facts and the procedural history pertinent to the issues raised in this appeal follows.

¶ 5      On October 15, 2010, Samantha Bilbrey was taken to the DMH emergency department after experiencing sudden numbness in her left arm and left leg during basketball practice. She was evaluated by Dr. Garcia, a physician who worked in the emergency department. Dr. Garcia ordered a CT scan and blood work. After receiving the reports of these tests, Dr. Garcia told Samantha and her family that the results of the CT scan and blood work were "fine" and that she could be released. Samantha was discharged that same evening with instructions to follow up with a neurologist in four days and to return if her symptoms recurred. Within 36 hours after Samantha was discharged, she suffered a major stroke which left her with permanent partial paralysis on the left side of her body.

¶ 6      In July of 2013, Samantha filed a medical negligence action against Dr. Garcia, DMH, Dennis Heim, M.D., and Springfield Clinic Health Services, LLC.[1] Samantha subsequently amended her complaint, adding her mother, Tuesday Bilbrey, as a party plaintiff, and Decatur

---

[1]On December 13, 2016, the trial court dismissed the claims against Dennis Heim, M.D. and Springfield Clinic Health Services, LLC, without prejudice, pursuant to the plaintiffs' motion.

Emergency Medical Services-II, S.C. (DEMS), as a party defendant. Dr. Garcia was a partner in DEMS at the time he evaluated Samantha. In the second amended complaint, the plaintiffs alleged that Dr. Garcia was negligent in that, among other things, he failed to include a transient ischemic attack or stroke as part of his differential diagnosis, and he failed to obtain a prompt neurovascular evaluation for Samantha while she was in the emergency department. In that complaint, the plaintiffs also included a count alleging that DEMS was vicariously liable for the negligence of its agent, Dr. Garcia, and a count alleging that DMH was vicariously liable for the negligence of Dr. Garcia under a theory of actual or apparent agency.

¶ 7     On November 30, 2015, DMH filed a motion for summary judgment. DMH claimed that it was entitled to a judgment as a matter of law because Dr. Garcia was not an agent, apparent agent, or employee of DMH. On June 27, 2016, the trial court granted summary judgment in favor of DMH. The plaintiffs filed a motion pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), asking the trial court to make an express finding that there was no just reason to delay enforcement or appeal of the order granting summary judgment. DMH opposed the motion. Following a hearing, the trial court denied the motion for a 304(a) finding. Thereafter, the court denied the plaintiffs' motions to reconsider the order granting summary judgment for DMH and the order denying the plaintiffs' 304(a) motion. The plaintiffs and the remaining defendants, Dr. Garcia and DEMS, continued to prepare for trial.

¶ 8     On January 5, 2022, the plaintiffs entered into a "Covenant Not to Execute and Stipulated Judgment" (Covenant) with Dr. Garcia and DEMS. Under the terms of the Covenant, the plaintiffs and Dr. Garcia and DEMS stipulated and agreed to a judgment in favor of the plaintiff in the amount of $10 million, asserting that $10 million was a fair and reasonable approximation of the value of the plaintiffs' damages. In addition, the plaintiffs agreed to settle their claims against Dr.

Garcia and DEMS for the sum of $2 million. This sum represented the cumulative liability policy limits of Dr. Garcia and DEMS for the occurrence on October 15, 2010. The plaintiffs expressly reserved all rights of action, claims, demands, and rights of execution against DMH and asserted that the settlement with Dr. Garcia did not release DMH from any claims brought against it. On March 29, 2022, the trial court dismissed all claims against Dr. Garcia and DEMS with prejudice pursuant to the settlement.

¶ 9     On April 26, 2022, the plaintiffs appealed the order granting summary judgment in favor of DMH. After reviewing the record, we found that there was a genuine issue of material fact regarding whether DMH was vicariously liable for the alleged negligence of Dr. Garcia under the doctrine of apparent agency. We reversed the order granting summary judgment for DMH and remanded the case for further proceedings. *Bilbrey*, 2023 IL App (5th) 220278-U, ¶ 54.

¶ 10     Shortly after the case was returned to the trial court, DMH filed a motion for summary judgment. DMH initially noted that the plaintiffs' only claim against it was one for vicarious liability based upon allegations that Dr. Garcia was its apparent agent. DMH argued that when a plaintiff sues a principal under a theory of vicarious liability, a settlement between the agent and the plaintiff extinguishes the principal's liability regardless of whether the plaintiffs expressly reserved their right to seek recovery from the principal, citing *Gilbert v. Sycamore Municipal Hospital*, 156 Ill. 2d 511, 528-29 (1993). DMH concluded that summary judgment was proper because the only allegations against DMH were based on its vicarious liability for the negligence of Dr. Garcia as the apparent agent of DMH and the plaintiffs' settlement with Dr. Garcia extinguished DMH's potential vicarious liability for Dr. Garcia's negligence.

¶ 11     In response, the plaintiffs claimed that the *Gilbert* rule did not apply in this case. The plaintiffs asserted that the *Gilbert* rule was intended to remedy a "Catch 22" situation in which an

4

agent believed that he bought peace with his settlement only to find that the settlement was illusory because the agent remained liable in indemnity for any judgment against the principal. However, in a case where a principal has no indemnity rights against its agent, the agent's settlement is not illusory and a settlement provision expressly reserving the right to seek recovery from the principal should be upheld. The plaintiffs claimed that the *Gilbert* rule did not apply because DMH failed to file an indemnity claim against Dr. Garcia within the applicable statutes of limitation and repose and therefore had no right to seek indemnity from Dr. Garcia.

¶ 12 On January 17, 2025, the trial court heard arguments on DMH's motion for summary judgment and took the matter under advisement. On February 3, 2025, the trial court granted summary judgment in favor of DMH. The trial court concluded that the *Gilbert* case controlled and that "*any settlement*" between the agent and the plaintiff must also extinguish the principal's vicarious liability. (Emphasis in original.) The plaintiffs filed a motion to reconsider which was denied. This appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14 On appeal, the plaintiffs claim that the trial court erred in granting summary judgment for DMH. They contend that Illinois law permits a plaintiff to settle with an agent and retain the right to pursue a vicarious liability claim against the principal where the plaintiff expressly reserves that right in the settlement agreement and where the principal's right to seek contribution or indemnity from its agent is time-barred.

¶ 15 Summary judgment is proper when the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2022). In determining whether a genuine issue of material fact exists, the pleadings, admissions, and

5

affidavits are construed strictly against the moving party and liberally in favor of the nonmoving party. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004); *Gilbert v. Sycamore Municipal Hospital*, 156 Ill. 2d 511, 518 (1993). A triable issue precluding summary judgment exists when material facts are disputed or when reasonable persons might draw different conclusions from undisputed facts. *Adams*, 211 Ill. 2d at 43. An order granting summary judgment is reviewed *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 16    In *Gilbert*, the Illinois Supreme Court affirmed its prior holding that when a plaintiff brings a vicarious liability claim against a principal, " 'any settlement between the agent and the plaintiff must also extinguish the principal's vicarious liability.' " *Gilbert*, 156 Ill. 2d at 528 (quoting *American National Bank & Trust Co. v. Columbus-Cuneo-Cabrini Medical Center*, 154 Ill. 2d 347, 355 (1992)). The supreme court made it clear that this rule "stands regardless of whether the plaintiff's covenant not to sue the agent expressly reserves the plaintiff's right to seek recovery from the principal." *Gilbert*, 156 Ill. 2d at 528-29. The supreme court found that the rule encouraged the settlement of disputes because an agent would gain nothing for settling with the plaintiff unless the covenant not to sue also extinguished the principal's vicarious liability. See *Gilbert*, 156 Ill. 2d at 528 (citing *Bristow v. Griffitts Construction Co.*, 140 Ill. App. 3d 191, 198 (1986)). In affirming this rule, the *Gilbert* court recognized that the rule created an inconsistency with the court's earlier decision in *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.*, 57 Ill. 2d 298 (1974). See *Gilbert*, 156 Ill. 2d at 527. Under the *Edgar County Bank* decision, a covenant not to sue an agent did not bar the plaintiff's vicarious liability claim against the principal if the covenant not to sue expressly reserved the plaintiff's right to seek recovery from the principal. See *Edgar County Bank & Trust Co.*, 57 Ill. 2d at 302. The *Gilbert* court concluded that it could not

6

allow the inconsistency to go unreconciled and overturned *Edgar County Bank. Gilbert*, 156 Ill. 2d at 528-29.

¶ 17 The plaintiffs contend that the *Gilbert* rule was intended to remedy illusory settlements. They argue that where, as here, the principal has no indemnity rights, the settlement with the agent is not illusory and the settlement terms, including the reservation of its claims against the principal, must be upheld. We do not find that the holding in *Gilbert* is conditional or limited as suggested by the plaintiffs. As noted, in *Gilbert*, the supreme court clarified that the rule that *any settlement* between the agent and the plaintiff must also extinguish the principal's vicarious liability stands *regardless* of whether the plaintiff's covenant not to sue the agent expressly reserves the right to seek recovery from the principal. *Gilbert*, 156 Ill. 2d at 528.

¶ 18 Here, it is undisputed that the plaintiffs entered into a settlement agreement with Dr. Garcia and DEMS. The settling parties agreed that "a fair and reasonable approximation" of the plaintiffs' damages was $10 million and they stipulated to a judgment in favor of the plaintiffs in that amount. The plaintiffs also agreed to accept the sum of $2 million to settle with Dr. Garcia and DEMS, and in exchange, the plaintiff agreed they would not seek to execute or enforce the stipulated judgment against Dr. Garcia and DEMS. In addition, the plaintiffs expressly reserved their vicarious liability claim against DMH. In accordance with our supreme court's decision in *Gilbert*, we find that the plaintiffs' settlement with Dr. Garcia extinguished any possible vicarious liability on the part of DMH as the alleged principal. The fact that the settlement agreement expressly reserved the plaintiff's vicarious liability claim against DMH did not preserve that claim. *Gilbert*, 156 Ill. 2d at 528.

7

¶ 19                                    III. CONCLUSION

¶ 20    Accordingly, the trial court's order granting summary judgment in favor of DMH is affirmed.

¶ 21    Affirmed.

¶ 22    JUSTICE BARBERIS, dissenting:

¶ 23    I respectfully dissent. It is my opinion that the *Gilbert* rule was intended to remedy illusory settlements and does not apply where, as here, the principal has no indemnity rights against the agent and, thus, the settlement with the agent is not illusory. Accordingly, it is my view that the settlement terms, including the reservation of claims against the principal, should be upheld. For this reason, I would reverse the trial court's order granting summary judgment and remand the cause for further proceedings.