THE COUNTY OF COOK, Plaintiff-Appellee, *v.* ILLINOIS WINE & SPIRITS CO. *et al.*, Defendants-Appellants.

First District (1st Division)    No. 80-928

Opinion filed February 23, 1981.—Rehearing denied March 23, 1981.

Morton Siegel and Michael Moses, both of Morton Siegel, Ltd., of Chicago, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Paul P. Biebel and Michael Sheridan, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

County of Cook (plaintiff) filed in the circuit court of Cook County a complaint for *mandamus* against defendants, Illinois Wine & Spirits Co.

(Illinois Wine) and James Edelstein, individually and as president of Illinois Wine, directing defendants to produce all corporate books, records and reports in their possession and control for inspection by agents of plaintiff. The complaint was brought under a Cook County Ordinance to Provide For a Tax on the Retail Sale of Alcoholic Beverages approved May 5, 1975, as amended (the Ordinance). Plaintiff also sought the imposition of a penalty against each defendant pursuant to section 5 of the Ordinance and any further relief the court deemed equitable and just.

The complaint alleged: Illinois Wine is a wholesale alcoholic beverage dealer located in Plainfield, Illinois, and James Edelstein is its president. During 1976, 1977 and 1978, Illinois Wine "conducted its business within the County of Cook by selling and delivering alcoholic beverages to retail alcoholic beverage dealers located within the County of Cook." The Ordinance (section 4) provides: "The Bureau or such other agency of Cook County Government as it shall designate shall have the right to inspect all books, records, and reports of all retail and wholesale dealers as defined in this Ordinance."

The Ordinance (section 8(d)) defines a wholesale alcoholic beverage dealer as "[a]ny person who engages in the business of selling or supplying alcoholic beverages to any person for resale in the County of Cook."

The complaint further alleged: On May 31, 1979, an authorized agent of Cook County requested that he be given access to the books, records and reports of Illinois Wine. On or about June 1, 1979, defendant James Edelstein informed that agent that the books, records and reports of Illinois Wine would not be produced for inspection. Unless defendants are affirmatively ordered by the court to produce all books, records and reports for inspection, plaintiff will suffer irreparable harm and injury in that no determination of the amount of taxes which may be due to the County of Cook pursuant to the Ordinance can be made; and such taxes due, if any, cannot be collected. Plaintiff has a clear legal right to inspect all books, records and reports maintained and kept by defendants. Section 5 of the Ordinance provides for a fine or imprisonment for violation of the Ordinance. Defendants' actions, as described, are in violation of the Ordinance.

Defendants moved under sections 45 and 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, pars. 45, 48) to strike the complaint for failure to state with sufficient particularity a claim upon which a writ of *mandamus* could issue and on the ground that the complaint violates the fourteenth amendment to the United States Constitution. In support, they filed the affidavit of defendant James Edelstein. On February 26, 1980, the circuit court denied defendants' motion to dismiss and, on plaintiff's motion, struck the affidavit of Edelstein. Defendants stood on their

motion to dismiss. On March 28, 1980, the circuit court ordered that a writ of *mandamus* issue forthwith directing defendants to produce pursuant to the Ordinance all their corporate books, records and reports in their possession and control for inspection and examination by agents of the County of Cook. The court stayed its order pending appeal upon the condition that the defendants shall maintain and preserve all corporate books, records and reports, including all invoices of sales for the years 1976 and subsequent years.

Defendants appeal from the issuance of the writ of *mandamus* and from the order denying their motion to dismiss and from the order striking defendant's affidavit in support. They contend that (1) plaintiff's complaint fails to state with sufficient particularity a claim upon which the court could base the issuance of a writ of *mandamus* and the possible imposition of fines and imprisonment, and (2) the issuance of the writ of *mandamus* violates the due process clause of the Federal and State constitutions.

Defendants admit that they are not contesting the validity of the Ordinance which was sustained in *Mulligan v. Dunne* (1975), 61 Ill. 2d 544, 338 N.E.2d 6. In that case, the court summarized the Ordinance (61 Ill. 2d 544, 546-47):

"Section 1 of the ordinance imposes a tax 'on the retail sale in Cook County of all alcoholic beverages * * * according to the following schedule: (a) Wines containing 14% or less alcohol by volume, a tax at the rate of 12 cents per gallon or the pro rata portion thereof. (b) Wines containing more than 14% alcohol by volume, a tax at the rate of 30 cents per gallon or the pro rata portion thereof. (c) Alcohol and spirits, a tax at the rate of $1 per gallon or the pro rata portion thereof. (d) Beer, a tax at the rate of 4 cents per gallon or the pro rata portion thereof.' The ordinance states the tax is not a 'tax upon the occupation of retail or wholesale alcoholic beverage dealers,' but is to be borne by the consumer and any failure by retailers to include the tax in the sale price or any effort to otherwise absorb the tax is a violation of the ordinance. The tax is to be collected and paid to the Cook County collector by wholesalers who sell alcoholic beverages to retailers doing business in Cook County. The wholesalers are to collect the tax from the retailers, who in turn collect it from the consumer by including it in the sale price. Section 2 requires wholesalers to register with the Bureau of Administration of Cook County (the Bureau) and report their monthly sales to the county collector on forms prescribed by the Bureau within 45 days of the last day of the month for which return is due, remitting the tax due with each report. Section 3 authorizes the Bureau to promulgate reasonable rules, definitions

and regulations in order to accomplish its duties under the ordinance and specifically provides that the 'Bureau may appoint wholesale dealers of alcoholic beverages and any other person within or without the County of Cook as agents for the tax herein levied.' Section 3 also requires retailers doing business in Cook County to file with the Bureau a sworn inventory of all alcoholic beverages possessed on the effective date of the ordinance and to pay within 60 days to the county collector the tax due from the retail sale of such inventory unless the tax has already been collected and paid by a wholesaler. Section 4 allows the Bureau the right to inspect all books, records and reports of retailers and wholesalers. Section 5 prescribes penalties for violations of the ordinance and authorizes civil proceedings by the county to recover delinquent taxes. Section 6 declares that the tax is in addition to all other taxes imposed by Federal, State or local governments. Section 7 grants an exemption from the tax for sales of all alcoholic beverages to purchasers who are passengers on interstate carriers and for sales of wine 'intended for use and used by any church or religious organization for sacramental purposes.' Section 9 is a severability clause, declaring that the validity of the remainder of the ordinance shall not be affected by a holding that one or more of its provisions are unconstitutional."

Defendants contend that the complaint fails to state a cause of action in *mandamus* because (a) it does not specify the retail alcoholic beverage dealers within Cook County to whom defendants sold or delivered alcoholic beverages and (b) it does not allege that any sales were made by defendants for "resale" in Cook County. We disagree.

The Civil Practice Act provides that pleadings shall be liberally construed with a view to doing substantial justice between the parties (Ill. Rev. Stat. 1979, ch. 110, par. 33(3)) and pleadings need only reasonably inform the opposite party of the nature of the claim or defense (Ill. Rev. Stat. 1979, ch. 110, par. 42(2)).

■■■ A complaint is not required to set out evidence, only ultimate facts. (*Board of Education v. Kankakee Federation of Teachers Local No. 886* (1970), 46 Ill. 2d 439, 446-47, 264 N.E.2d 18.) The necessary elements for the issuance of a writ of *mandamus* are set forth in *People ex rel. Endicott v. Huddleston* (1976), 34 Ill. App. 3d 799, 802, 340 N.E.2d 662:

"* * * A petition for a writ of mandamus must contain the following: (1) a clear right to have the requested act performed (*People ex rel. Pignatelli v. Ward*, 404 Ill. 240, 243); (2) every material fact necessary to demonstrate the plaintiff's clear right to the writ (*Anderson v. Board of Education*, 390 Ill. 412, 435); (3) a showing that the requested act is the duty of the defendant to

perform (*Anderson*); (4) a showing that the requested act is within the power and authority of the defendant (*People ex rel. Canella v. City of Chicago*, 7 Ill. 2d 416, 418); and (5) in the case of a private (as distinguished from a public) right the plaintiff must show a demand and the defendant's refusal to act (*People ex rel. Edelman v. Hunter*, 350 Ill. App. 75). * * *"

The allegations of the complaint fully satisfy these conditions.

Section 4 gives an explicit right to inspect the books and reports of wholesale dealers. Defendants admit that Illinois Wine is a wholesaler and that Edelstein is its president, but argue that there is no right to inspect as to it unless the retail dealers in Cook County are specifically identified.

An analogous situation was present in *City of Chicago v. Larson* (1961), 31 Ill. App. 2d 450, 176 N.E.2d 675, *appeal denied* (1961), 22 Ill. 2d 625. In that case, the city brought an action to compel the defendants to permit the city officials to inspect a building to determine if it conformed to the regulations of the Municipal Code. The court, in sustaining the complaint, said (31 Ill. App. 2d 450, 453):

"No motion was made to strike the complaint but the answer criticized it for lack of facts and for conclusions of law and fact. The allegations in the complaint concerning the existence of an emergency and the requirements for immediate action were indeed conclusions not predicated on pleaded facts nor on specific building code violations. The complaint was deficient in detail, however it appeared to be as complete as the nature of the case allowed. Under the circumstances the City had to proceed on information and belief; until an inspection was made it could not be expected to make positive and more detailed averments. Where the facts are of necessity within the defendant's knowledge and not within the plaintiff's knowledge, but are stated by the plaintiff to be true, a complaint is not perforce defective. 21 I.L.P. Injunctions, sec. 162."

So here, too, the complaint is as complete as the nature of the case allowed.

Defendants argue that instead of inspecting their records, plaintiff should get the records from the retailers in Cook County. This contention is without merit because of the great number of retailers of alcoholic beverages in Cook County. Plaintiff would not know to which of them defendants sold or delivered alcoholic beverages. Alleging that defendants sold or delivered to retailers in Cook County was as complete as the nature of the case allowed.

In *Larson*, the court also pointed out that the building code was designed to protect the occupants of buildings and the public in general

and its purpose would be thwarted if inspections could be prevented because facts, not within the knowledge of the municipal body, could not be stated with specificity. So, too, here. The purpose of the Cook County ordinance is the raising of revenue with obligations for the remittance of those taxes to the county imposed successively on the wholesalers and then the retailer, with the tax to be borne by the customer and with wholesalers selling to retailers in Cook County being required to register with the Bureau. If the county could be prevented from ascertaining whether the tax had been collected in conformity with the ordinance solely because it did not know which wholesalers were required to so register because of a lack of knowledge of the specific retailers in Cook County, the purpose of the ordinance would be defeated.

The specific identification of retailers in Cook County cannot be held to be a condition precedent to the county's right under section 4 to inspect the books and records of a wholesaler whether located in or outside of Cook County in order to determine whether it has complied with the ordinance.

In addition, the complaint sufficiently alleged that any sales made by defendants were for "resale" in Cook County. The definition of "retail alcoholic beverage dealer" and "wholesale alcoholic beverage dealer" in sections 8(c) and (d) of the ordinance make this clear:

"(c) RETAIL ALCOHOLIC BEVERAGE DEALER:

Any person who engages in the business of selling alcoholic beverages in the County of Cook to a purchaser for use or consumption, and not for resale in any form.

(d) WHOLESALE ALCOHOLIC BEVERAGE DEALER:

Any person who engages in the business of selling or supplying alcoholic beverages to any person for resale in the County of Cook."

Obviously defendant Edelstein, as president of Illinois Wine, was a proper party and was properly ordered to permit the inspection. It was alleged that it was he who had refused the inspection. The motion to strike so admitted.

■■ One further matter should be considered with reference to the claim that the complaint fails to state a cause of action. Defendants' motion, filed under sections 45 and 48 of the Civil Practice Act, is a hybrid whose use has been criticized. (*Denton Enterprises, Inc. v. Illinois State Toll Highway Authority* (1979), 77 Ill. App. 3d 495, 497, 396 N.E.2d 34.) Section 45 (Ill. Rev. Stat. 1979, ch. 110, par. 45) is directed to the legal sufficiency of the complaint on its face. It is not to be supported by affidavit. (*Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 359 N.E.2d 171.) Affidavits are permissible only with motions

under section 48 (Ill. Rev. Stat. 1979, ch. 110, par. 48) where any of the grounds specified in that section do not appear from the face of the pleading.

Here, defendants improperly seek to use the affidavit of defendant Edelstein to show that the complaint does not state a cause of action because Illinois Wine was not selling or delivering alcoholic beverages to retailers in Cook County. The complaint alleges that it was so doing. The only purpose of the affidavit would be to contradict that allegation. That is a factual defense rather than a legal one. It is not available on a motion to dismiss under section 45. It can only be raised by answer:

> "* * * A motion brought pursuant to section 45 attacks the legal sufficiency of the complaint, not its factual sufficiency. (Ill. Rev. Stat. 1975, ch. 110, par. 45.) '[D]efenses which are factual in their nature rather than legal are not available to defendants on a motion to dismiss, but should be set forth in their answer.' (*Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 586, 325 N.E.2d 799, 808.) * * *." *Browder v. Hanley Dawson Cadillac Co.* (1978), 62 Ill. App. 3d 623, 628, 379 N.E.2d 1206.

Although defendants seek to interpret the affidavit of defendant Edelstein as proving that the court lacked jurisdiction of the subject matter of the complaint (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(a)) because Illinois Wine, located in the County of Will, did not sell to retailers in the County of Cook, it does not so state. It merely alleges:

> "2. Illinois Wine & Spirits Co. is an Illinois corporation with its sole office located at 914 Eastern Avenue, in the Village of Plainfield, County of Will, State of Illinois, and during the years 1976, 1977 and 1978 engaged in the principal business of selling alcoholic beverages to persons located in the Counties of Will, Kane, Kendall, Kankakee, Grundy, DeKalb, LaSalle, Iroquois and DuPage, State of Illinois.
>
> 3. Neither Illinois Wine & Spirits Co. nor its employees within the scope of their employment maintained telephone listings, warehouses, distribution facilities or solicited orders for the sale of alcoholic beverages to persons located in Cook County, Illinois during the years 1976, 1977 or 1978.
>
> 4. Illinois Wine & Spirits Co. has at no time owned any real or personal property located within Cook County, Illinois."

Assuming these allegations to be factually correct, they do not negative sales by Illinois Wine to retailers in Cook County. The affidavit is silent as to sales to retailers in Cook County. It is insufficient to sustain a dismissal under section 48(1)(a).

*People ex rel. Scott v. Carriage Way West, Inc.* (1980), 88 Ill. App. 3d 297, 410 N.E.2d 384, *appeal allowed* (1/30/81, No. 54118), ___ Ill. 2d ___,

is factually different. That was a suit under the Illinois Anti-Trust Act. The complaint alleged that there were two groups of defendants, each group charged differently, but the individual defendants in each group were not identified. The complaint was held thus to be ambiguous and properly dismissed.

Defendants also contend that issuance of the writ of mandamus violates the due process clause of the Federal and State constitutions in that it gives extraterritorial effect to the taxing power of Cook County. We need not address that question because the writ is confined to the right of inspection of books and records of out-of-county wholesalers selling alcoholic beverages to in-county retailers. As stated above, sufficient facts were alleged under the circumstances to bring defendants within the terms of the ordinance as to the right of inspection.

We also note that in sustaining the validity of the Ordinance, the supreme court in *Mulligan v. Dunne* stated (61 Ill. 2d 544, 558):

"But the crucial inquiry is not whether home-rule units have extraterritorial powers—rather, it is whether any local unit of government is exercising its taxing power extraterritorially by collecting a tax from sellers located outside the boundaries of the local unit which do business within those boundaries. We think it is not."

and then concluded:

"An ordinance is presumed valid, and the burden of establishing invalidity rests upon those asserting it; that burden has not been met in this case. Perhaps factual situations may be hypothesized in which enforcement of this ordinance as to out-of-county wholesalers would raise substantial constitutional questions. Those facts are not presented here, and we may not assume that enforcement of the ordinance will be attempted under circumstances which would constitute an extraterritorial exercise of taxing power. We add only that it should be clear that no modification of the rule set forth in *Van Natta [City of Carbondale v. Van Natta* (1975), 61 Ill. 2d 483, 338 N.E.2d 19] is intended by our decision of this issue."

Similarly, in this case we "may not assume that enforcement of the ordinance will be attempted under circumstances which would constitute an extraterritorial exercise of taxing power." An attempt, if any, to collect taxes must await further litigation in which any claimed unconstitutionality can properly be considered.

Although the complaint alleged that the sales took place in 1976, 1977 and 1978, the trial court granted the right of inspection without limitation as to time and the condition imposed by the court in staying its order pending appeal required defendants to maintain and preserve all their books and records for 1976 and subsequent years. This relief thus granted

was too broad. The inspection and preservation of books and records should be limited to the years 1976, 1977 and 1978. The trial court's writ of *mandamus* and order are accordingly modified.

The writ of *mandamus* and the order of the circuit court of Cook County are modified to limit the right of inspection and preservation of defendants' books and records to the years 1976, 1977 and 1978. As modified, the writ and order are affirmed.

Affirmed as modified.

McGLOON and CAMPBELL, JJ., concur.