ROBERT L. PORTER, Plaintiff-Appellant, v. URBANA-CHAMPAIGN SANITARY DISTRICT, Defendant-Appellee.

Fourth District   No. 4—92—0434

Opinion filed November 12, 1992.

Robert L. Porter, of Champaign, appellant *pro se.*

Edward M. Wagner and Michael R. Robinson, both of Heyl, Royster, Voelker & Allen, of Urbana, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Robert L. Porter appeals from an order of the circuit court of Champaign County dismissing with prejudice his *pro se* second-amended small claims complaint against defendant Urbana-Champaign Sanitary District. The question in this case really is how precise a small claims complaint must be in designating the theory on which a *pro se* plaintiff is proceeding. We reverse and remand for further proceedings.

The second-amended complaint alleged defendant was indebted to plaintiff in the sum of $276 for cleanup costs resulting from defendant's negligent discharge of sewage into the lower level of plaintiff's residence on December 29, 1990, and for trespass as a result of the same unauthorized discharge of sewage into plaintiff's residence. On

oral motion of defendant, plaintiff was required by the trial court to file a bill of particulars. In the bill of particulars, plaintiff described the overflow of sewage into the residence and the efforts of himself and his family to stop the overflow and to remove the sewage from the residence. However, plaintiff did not identify in the bill of particulars any actions or inactions on the part of defendant which caused the sewage overflow.

Defendant filed a motion to strike and dismiss the second-amended complaint pursuant to section 2—619 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). In this motion, the following three grounds for dismissal were raised: (1) section 3—103(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (Ill. Rev. Stat. 1989, ch. 85, par. 3—103(a)) expressly provided that a local public entity is not liable for the injury caused by the adoption of a plan or design of construction of, or improvement to, public property where the plan or design had been given prior approval by a legislative or other body authorized to grant such approval and the affidavit of Carl Garrison, defendant's executive director, stated the sewer system was constructed in accordance with plans given prior approval by various governmental bodies authorized to grant such approval; (2) the second-amended complaint and bill of particulars failed to allege a *"prima facie* case" of negligence; and (3) the second-amended complaint and bill of particulars failed to allege a *"prima facie* case" of intentional trespass. In dismissing the second-amended complaint with prejudice, the trial court's order did not set forth the reasons for the dismissal. Because the dismissal order failed to specify the grounds for the dismissal, this court must review every issue raised in the motions argued on appeal. Had the trial court recorded its reasons, judicial efficiency would have been promoted. *Powell v. Village of Mt. Zion* (1980), 88 Ill. App. 3d 406, 407, 410 N.E.2d 525, 527-28.

In *Rowan v. Novotny* (1987), 157 Ill. App. 3d 691, 693-94, 510 N.E.2d 1111, 1112-13, the distinction between section 2—615 and section 2—619 motions was discussed as follows:

> "The purpose of section 2—619 is primarily that of affording a means of obtaining at the outset of a case a summary disposition of issues of law or of easily proved issues of fact. The basis of the motion must go to an entire claim or demand. (Ill. Ann. Stat., ch. 110, par. 2—615, Historical and Practice Notes (by Albert E. Jenner, Jr., Philip W. Tone and Arthur M. Martin) (Smith-Hurd 1985).) Although defects that appear on the face of the pleading attacked may, according to the letter of the sec-

tion, be reached by a section 2—619 motion, the section is not designed for that purpose. (*Leitch v. Hine* (1946), 393 Ill. 211, 66 N.E.2d 90.) In other words, if the only ground of a motion is a defect that appears on the face of the pleading attacked the appropriate method of reaching that defect is by a motion under section 2—615."

The distinction is important here because, in small claims cases, section 2—619 motions may be made without prior leave of court, but section 2—615 motions may not. 134 Ill. 2d R. 287(b).

■ Here, two of the allegations in defendant's motion to dismiss allege, in effect, the failure to state a cause of action. While it is true that the motion refers to the bill of particulars as well as the complaint, there is some doubt that the presence of a bill of particulars can change what would ordinarily be a section 2—615 motion into a section 2—619 motion since the bill of particulars is deemed part of the complaint it particularizes (*Bejda v. S G L Industries, Inc.* (1979), 73 Ill. App. 3d 484, 488, 392 N.E.2d 38, 42, *aff'd in part, rev'd in part on other grounds* (1980), 82 Ill. 2d 322, 412 N.E.2d 464), and the proper remedy when a bill of particulars is deficient is to strike the pleading to which the bill of particulars relates. Generally dismissal of the complaint with prejudice is not appropriate in the absence of deliberate, contumacious, or unwarranted disregard of the court's authority, none of which is present in this case. (*Village of Pawnee v. Knostman* (1983), 115 Ill. App. 3d 842, 849-50, 450 N.E.2d 1272, 1277-78; see also Ill. Rev. Stat. 1989, ch. 110, par. 2—607(b).) However, we need not decide the question of the propriety of the form of the motion to dismiss since plaintiff has not raised it, and the issue is waived for purposes of review. (134 Ill. 2d R. 341(e)(7).) The doctrine of waiver applies to *pro se* litigants as well as to those represented by attorneys. See *In re A.H.* (1991), 215 Ill. App. 3d 522, 529-30, 575 N.E.2d 261, 266, *appeal denied* (1991), 142 Ill. 2d 654, 584 N.E.2d 126; *People v. Clay* (1988), 167 Ill. App. 3d 628, 631, 521 N.E.2d 243, 246.

■ Therefore, we must determine whether the small claims complaint is sufficient and whether section 3—103 of the Act bars recovery by plaintiff as a matter of law. Ordinarily, when reviewing the granting of a motion to dismiss, all well-pleaded facts alleged in the complaint are taken as true, and the reviewing court considers whether any set of facts could be proved which would entitle plaintiff to relief. Allegations which are conclusions, unsupported by specific facts, are not deemed admitted. (*Toys "R" Us, Inc. v. Adelman* (1991), 215 Ill. App. 3d 561, 564, 574 N.E.2d 1328, 1330.) Of course,

the pleading requirements in small claims cases are quite different. A small claims complaint must simply set forth the following:

"(1) plaintiff's name, residence address, and telephone number, (2) defendant's name and place of residence, or place of business or regular employment, and (3) the nature and amount of the plaintiff's claim, giving dates and other relevant information. If the claim is based upon a written instrument, a copy thereof or of so much of it as is relevant must be copied in or attached to the original and all copies of the complaint, unless the plaintiff attaches to the complaint an affidavit stating facts showing that the instrument is unavailable to him." (134 Ill. 2d R. 282(a).)

All that is necessary in a small claims case for the complaint to be sufficient is that it clearly notify the defendant of the nature of plaintiff's claim. (*Miner v. Bray* (1987), 160 Ill. App. 3d 241, 243, 513 N.E.2d 580, 581.) Particularly in small claims cases, the complaint is to be liberally construed because the small claims procedure is designed to be simple and inexpensive. *Murray v. Cockburn* (1984), 124 Ill. App. 3d 724, 727, 464 N.E.2d 842, 843-44.

In determining the propriety of the trial court's order, the first issue is to determine the question of law, whether section 3—103(a) of the Act bars plaintiff's cause of action in this case. A panel of this court, sitting as the Third District Appellate Court, has stated the following:

"Under section 3—103(a) of the Act, the City has immunity for the plan or design of the sewer grating, because the record shows the then Illinois Department of Public Works approved the design at the time of the construction project. However, under section 3—103(a), the City does not have immunity, if after the sewer grating was put in, 'it [appeared] from its use that [the design] has created a condition that it is not reasonably safe.' Ill. Rev. Stat. 1987, ch. 85, par. 3—103(a)." (*Cole v. City of East Peoria* (1990), 201 Ill. App. 3d 756, 761, 559 N.E.2d 769, 773, *appeal denied* (1990), 133 Ill. 2d 553, 561 N.E.2d 687.)

In this case, plaintiff is not alleging a cause of action based on the design or plan of construction of defendant's sewer system, but on defendant's negligence or intentional failure to properly operate the system so as to prevent the sewage overflow onto his property. Section 3—103(a) of the Act does not bar this small claims action by plaintiff.

■ Next, we determine whether the complaint and bill of particulars state a cause of action. Here, plaintiff alleged negligence and trespass resulting from an overflow of sewage onto his property. A request for a bill of particulars is not permitted in a small claims case without prior leave of court (134 Ill. 2d R. 287(b)). Because of the informal nature of small claims cases, granting a request for a bill of particulars is discouraged. Assuming, for the sake of argument only, that a bill of particulars was appropriate in this case, we note the object of the bill is to supply a deficiency in the complaint. (*Bejda*, 73 Ill. App. 3d at 488, 392 N.E.2d at 42.) The effect of the bill of particulars is to restrict plaintiff at trial to proof of the particular cause or causes of action referred to therein (*Bazzell-Phillips & Associates, Inc. v. Cole Hospital, Inc.* (1977), 54 Ill. App. 3d 188, 191, 369 N.E.2d 337, 340), but the bill of particulars need not state more than the party is bound to prove (*Bejda*, 73 Ill. App. 3d at 488, 392 N.E.2d at 42).

■ With regard to the allegation of negligence in count I of plaintiff's amended complaint, for recovery based on negligence plaintiff must prove defendant breached a duty owed to plaintiff, which breach proximately caused the alleged injury. (*Konicki v. Village of Hinsdale* (1981), 100 Ill. App. 3d 560, 563, 427 N.E.2d 325, 327.) The doctrine of *res ipsa loquitur* is available in sewer malfunction cases. (*Hull v. City of Griggsville* (1975), 29 Ill. App. 3d 253, 256, 330 N.E.2d 293, 296.) The doctrine applies whenever an event occurs (1) which would not have occurred in the absence of negligence, (2) the event was caused by an instrumentality within the exclusive control of defendant, and (3) plaintiff has not contributed to the occurrence of the event. In *Taylor v. City of Beardstown* (1986), 142 Ill. App. 3d 584, 592, 491 N.E.2d 803, 808-09, this court stated as follows:

> "*Res ipsa loquitur* involves a species of circumstantial evidence permitting the trier of fact to draw an inference of negligence (*Guebard v. Jabaay* (1983), 117 Ill. App. 3d 1, 11, 452 N.E.2d 751, 758); the doctrine permits circumstantial evidence as proof of negligence where direct evidence is primarily within the control of the defendant (*Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 304-05, 312 N.E.2d 259). Once properly invoked, the doctrine operates to shift the burden of going forward with the evidence to the defendant, though any presumption of negligence may then be rebutted by the defendant. *Walker v. Rumer* (1978), 72 Ill. 2d 495, 381 N.E.2d 689; *McLaughlin v. Rush-Presbyterian St. Luke's Medical Center* (1979), 68 Ill. App. 3d 546, 386 N.E.2d 334.

\*\*\* The doctrine, however, does not affect the necessity or manner of proof of proximate cause; it is relevant only to the nature of proof from which the trier of fact may draw an inference of negligence. (*Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 312 N.E.2d 259; *McMillen v. Carlinville Area Hospital* (1983), 114 Ill. App. 3d 732, 736, 450 N.E.2d 5, 9.) Such an inference cannot be based solely upon the fact of a rare and unusual result. (*Guebard v. Jabaay* (1983), 117 Ill. App. 3d 1, 13, 452 N.E.2d 751, 759.) To submit a *res ipsa* claim to a jury, there must be evidence or testimony to establish the rare and unusual event or condition coupled with proof of a negligent act. *Spidle v. Steward* (1980), 79 Ill. 2d 1, 10, 402 N.E.2d 216, 220; *Cassady v. Hendrickson* (1985), 138 Ill. App. 3d 925, 486 N.E.2d 1329."

There are distinctions between *Taylor* and the case at bar. The likelihood of a need for expert testimony is less in this small claims case than it would be in *Taylor*, a medical malpractice case. In *Taylor*, the court noted no facts were alleged supporting a causal link between the broken leg and decedent's death. (*Taylor*, 142 Ill. App. 3d at 589, 491 N.E.2d at 807.) In this case, there are sufficient allegations of fact showing a causal connection between the sewage overflow and the damage such that a court could not determine, as a matter of law, that no proximate causal connection existed. The only question here is whether there are sufficient facts alleged from which the trial court could find a duty existed in defendant not to discharge sewage onto plaintiff's property and that, in the absence of negligence, the discharge would not have occurred.

It has long been the law of this State that a municipality has a duty to refrain from discharging sewage onto private property. (*City of Jacksonville v. Lambert* (1872), 62 Ill. 519, 521-22; *Powell v. Village of Mt. Zion* (1980), 88 Ill. App. 3d 406, 407-10, 410 N.E.2d 525, 527-30; 9 Ill. L. & Prac. *Cities, Villages, and Other Municipal Corporations* §559 (1954).) Therefore, the only question which remains is whether the overflow would not have occurred in the absence of negligence by defendant.

■ A complaint need not set out the evidence plaintiff intends to present, but only ultimate facts (*County of Cook v. Illinois Wine & Spirits Co.* (1981), 93 Ill. App. 3d 710, 713, 417 N.E.2d 812, 815), and this is particularly so where a small claims complaint is involved. It is clear from the complaint and the bill of particulars that plaintiff alleged the overflow resulted from defendant's negligence. We decline to apply the strict requirements of *Taylor* to this small claims com-

plaint. Plaintiff ought to have been allowed his day in court. Whether plaintiff can prove negligence is a question not before this court.

■ The final point to consider is whether the trespass count was properly dismissed. In *Dial v. City of O'Fallon* (1980), 81 Ill. 2d 548, 556-57, 411 N.E.2d 217, 222, the Illinois Supreme Court noted that an action for trespass may be based on negligent or intentional intrusion onto the land. Unintentional, nonnegligent intrusion does not form a basis for liability even if the entry onto the land caused harm to a legally protected interest. The recovery of damages for a single injury may be sought under multiple theories, but only one recovery may be had. (*Dial*, 81 Ill. 2d at 558, 411 N.E.2d at 222.) Count I of plaintiff's second-amended complaint alleges a cause of action for negligent intrusion onto plaintiff's property, and therefore, in order to avoid duplication, count II is deemed to state a cause of action for intentional trespass.

In a trespass action for intentional intrusion, plaintiff must prove the defendant had knowledge, to a high degree of certainty, that the sewage overflow onto his property would follow from defendant's acts or omissions. (See *Dial*, 81 Ill. 2d at 556, 411 N.E.2d at 221.) Plaintiff argues in his brief that on three prior occasions when the sewer overflowed defendant paid plaintiff for the damages caused. Unfortunately, plaintiff did not include these facts in the bill of particulars. These prior occurrences could possibly be construed by a trier of fact as providing to defendant the knowledge, to a high degree of certainty, that if defendant did not do something to change the situation, a sewage overflow onto plaintiff's property would occur, and as a result, a subsequent sewage overflow was an intentional trespass. In this case, the bill of particulars does not include any other facts from which an action for intentional trespass could be derived. However, the proper remedy for a deficient bill of particulars is to strike the pleading, not dismiss the cause with prejudice. Therefore, the trial court should have stricken count II of plaintiff's small claims complaint because the bill of particulars does not set out facts supporting an action for intentional trespass. The trial court should not have dismissed the second-amended complaint with prejudice.

Small claims court is a somewhat less formal hall of justice. It is inconsistent with the simple and inexpensive procedures outlined in the supreme court rules for small claims proceedings (134 Ill. 2d Rules 281 through 289) to allow attorneys to file numerous motions (including a request for a bill of particulars) in an attempt to discourage *pro se* litigants from utilizing the small claims court. In many of these cases, it is more efficient for the trial court to try the case and

304

decide it on the merits than it is to consider motions of the parties attacking the opponent's pleadings, especially in light of the less formal pleading requirements in small claims cases.

For the foregoing reasons, the judgment of the circuit court of Champaign County is reversed, and the cause is remanded for further proceedings not inconsistent with this disposition.

Reversed and remanded.

STEIGMANN and LUND, JJ., concur.