2026 IL App (1st) 250551-U
Order filed: April 8, 2026

FIRST DISTRICT
THIRD DIVISION

No. 1-25-0551

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| AARON WEILAND, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 M1 13660, cons. w/ |
| | ) | 22 M1 13662 |
| 1529-37 FARWELL CONDOMINIUM ASSOCIATION, | ) | 24 M1 14934 |
| | ) | 24 M1 14935 |
| Defendant-Appellee. | ) | |
| _____ | ) | Honorable |
| | ) | Stephen A. Swedlow, |
| AARON WEILAND, | ) | Judge, presiding. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID PAPISH, ASHELY HOLMES and GREG RICHARDSON, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| _____ | ) | |
| AARON WEILAND, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JODI BROWN, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| _____ | ) | |

No. 1-25-0551

AARON WEILAND,                                    )
                                                 )
      Plaintiff-Appellant,                       )
                                                 )
v.                                               )
                                                 )
1529-37 FARWELL CONDOMINIUM ASSOCIATION,         )
                                                 )
      Defendant-Appellee.                         )
_____

        JUSTICE ROCHFORD delivered the judgment of the court.
        Presiding Justice Martin and Justice Lampkin concurred in the judgment.

## ORDER

¶ 1    *Held*:  Dismissal of these consolidated actions is affirmed, where two of the complaints failed to state a claim for which relief can be granted and two of the complaints are barred by collateral estoppel.

¶ 2    Plaintiff-appellant, Aaron Weiland, acting below and on appeal *pro se*, appeals from the dismissal of these four consolidated cases. For the following reasons, we affirm.

¶ 3    On September 2, 2022, plaintiff filed a small claims complaint in the case captioned *Aaron Weiland v. 1529-37 Farwell Condominium Association*, Case No. 2022 M1 013660 (first complaint or case). On the same day, plaintiff filed another small claims complaint under the case captioned *Aaron Weiland v. David Parish, Ashley Holmes and Greg Richardson*, Case No. 2022 M1 013662 (second complaint or case). In an order entered on October 26, 2022, the second case was consolidated into the first case. A motion to dismiss the two complaints, filed by defendants 1529-37 Farwell Condominium Association ("Condo Association"), David Parish, and Ashley Holmes, was granted on May 24, 2023, and plaintiff was granted leave to replead.

¶ 4    Plaintiff filed an amended complaint in the first case on June 14, 2023, and an amended complaint was filed in the second case on June 28, 2023. In response to a motion for leave to file a motion to dismiss these amended complaints, an order was entered on September 12, 2024.

- 2 -

Therein, plaintiff was granted leave to file a "Final Amended Complaint" by October 10, 2024, and defendants were granted leave to file a motion to dismiss such an amended pleading by October 31, 2024. On October 10, 2024, plaintiff filed two amended complaints, one each in the first and second cases.

¶ 5    The operative amended complaint filed in the first case generally alleged that between August 2019 and October 2020, plaintiff resided in a condominium unit located in Chicago, Illinois. The unit was allegedly owned by Greenspire Realty (Greenspire), which had leased it to Greg Richardson, who in turn had subleased the unit to plaintiff for $1,400 a month pursuant to a verbal agreement.

¶ 6    Count 1 of the complaint, titled "abuse of access," alleged that on or about August 28, 2020, defendant Condo Association entered plaintiff's unit to "gather information." In doing so, the Condo Association violated the Chicago Residential Landlord and Tenant Ordinance ("RLTO") (Chicago Municipal Code § 5-12-010, *et seq.* (amended March 31, 2004)), and caused property damage. Counts 2, 3, and 4 of the complaint, each titled "Illegal lockout," alleged that on September 4, 2020, the Condo Association glued the lock to his unit shut, changed the lock on the gate to the building, and changed the lock to the storage area in the basement of the building. Plaintiff alleged that these actions were an illegal attempt to evict him in violation of the RLTO. Plaintiff sought damages of "$9800 for 3 counts illegal lockout and one count abuse of access."

¶ 7    The operative amended complaint filed in the second case largely consists of a rambling narrative of plaintiff's personal romantic relationship with Richardson and history of alleged incidents of domestic violence. He also alleges that he was forced out of the unit in September 2020 due to false allegations made to the police by defendants Parish, Holmes and Richardson, all residents of the building. No precise cause of action is pleaded therein. In the conclusion, plaintiff

contends that he was removed from the property "at a time of national moratorium on evictions. I had lost my job due to covid and was unable to pay rent during this time, but the federal government through covid relief measures would have paid the rent in full through the end of 2022. That's 1400x27 months or $37,800. I went on to be homeless for years. Without these events I could have stayed in the unit and had the rent paid." Plaintiff therefore sought $37,800 in damages.

¶ 8    Also on October 10, 2024, plaintiff initiated two additional civil actions by filing complaints in: (1) *Aaron Weiland v. Jodi Brown*, Case No. 2024 M1 014934 (third complaint or case), and (2) *Aaron Weiland v. 1529-37 W. Farwell Condominium Association,* Case No. 2024 M1 014935 (fourth complaint or case). The complaint filed in the third case generally alleged that Brown, acting as the president of the board of the Condo Association, made false statements about plaintiff to obtain a temporary restraining order (TRO) in a separate legal proceeding, which restricted plaintiff from entering the unit. These statements caused plaintiff to become homeless and suffer psychological harm. Plaintiff sought $10,000 in damages. The complaint filed in the fourth case contained nearly identical allegations and sought $10,000 in damages from the Condo Association.

¶ 9    On October 21, 2024, four of the defendants, the Condo Association, Papish, Holmes and Jodi Brown, filed a motion to consolidate all four cases into the first case. That motion was granted in an order entered on November 13, 2024.

¶ 10    The Condo Association, Papish, and Holmes filed a combined motion to dismiss all four complaints pursuant to sections 2-615, 2-619, and 2-619.1 of the Code of Civil Procedure ("Code") (735 ILCS 5/2-615, 5/2-619, and 5/2-619.1 (West 2024)). In the motion, defendants first contended that the four complaints should be dismissed with prejudice under section 2-615 because: (1) the complaints are nothing but a series of disjointed sentences, which amount to unsupported

conclusory statements often contradicted by plaintiff's own exhibits, and thus failed to set forth any recognizable cause of action for which relief can be granted, (2) none of the defendants were the landlord or owner of the unit in question, and as such it is a legal impossibility for the defendants to be liable under the RLTO, and (3) because plaintiff's pleadings "are not cohesive, do not contain plain and concise statements in consecutively numbered paragraphs and in clear violation of 735 ILCS 5/2-603, the Defendants are utterly confused *** and left to guess at what claims they are required to defend against."

¶ 11    Defendants also asserted that the complaints should be dismissed pursuant to section 2-619 of the Code because occupancy and control of the unit had been adjudicated in another courtroom and moreover, none of the defendants are the owner or landlord of the unit. Defendants relied upon an attached TRO entered on October 8, 2020, and Agreed Settlement Order dated November 23, 2020, in a separate proceeding. The TRO provided that plaintiff was restrained from returning to the premises because of threatening and dangerous conduct. Therefore, plaintiff was not allowed on the premises and Greenspire was restrained from renting to plaintiff. Moreover, the TRO provides that plaintiff was only allowed to return to the property with a police escort. Furthermore, on November 23, 2020, plaintiff agreed to vacate the property in exchange for a payment from the owner and landlord, Greenspire.

¶ 12    Plaintiff filed a response, and the motion to dismiss the four complaints was granted in an order entered on January 2, 2025. Plaintiff filed a motion to reconsider, and that motion was denied on February 20, 2025.

¶ 13    Plaintiff filed a timely notice of appeal and an appellant's brief with this court. No responsive brief was filed by any of the defendants. On February 27, 2026, this court entered an order taking this case on the record and plaintiff's brief only. See *First Capitol Mortgage Corp. v.*

- 5 -

*Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (reviewing court may decide case on appellant's brief "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 14    On appeal, we initially conclude that the operative first and second complaints were properly dismissed pursuant to section 2-615.

¶ 15    A section 2-615 motion challenges the legal sufficiency of the complaint based on defects apparent on the face of the pleading. *Ledeaux v. Motorola, Inc.*, 2018 IL App (1st) 161345, ¶ 14. The court accepts as true all well-pleaded facts, as well as any reasonable inferences flowing from those facts. *Id*. Conclusions of law and conclusory factual allegations unsupported by specific facts are not deemed admitted. *Village of South Elgin v. Waste Management of Illinois, Inc*., 348 Ill. App. 3d 929, 930-31 (2004).

¶ 16    "The critical inquiry in deciding upon a section 2-615 motion to dismiss is whether the allegations of the complaint, when considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." *Board of Directors of Bloomfield Club Recreation Ass'n v. The Hoffman Group, Inc*., 186 Ill. 2d 419, 424 (1999). A court should not dismiss a cause of action under section 2-615 unless the pleadings clearly show that no set of facts can be proven that would entitle a plaintiff to recover. *Id*. Our review of a dismissal is *de novo*. *Id*. Under this standard we are not bound by the trial court's reasoning or decision. *State Automobile Mutual Insurance Co. v. Habitat Construction Co*., 377 Ill. App. 3d 281, 291 (2007).

¶ 17    As noted above, the operative complaint filed in the first case included three counts of what plaintiff called "illegal lockout" and one count of "abuse of access." Nevertheless, all the claims in the first complaint essentially allege and seek damages for the Condo Association's

alleged violation of the RLTO. However, the RLTO was specifically enacted "to establish the rights and obligations of the landlord and the tenant in the rental of dwelling units." Chicago Municipal Code § 5-12-010 (amended March 31, 2004). A landlord is defined in the RLTO as "the owner, agent, lessor or sublessor, or the successor in interest of any of them, of a dwelling unit or the building of which it is part." Chicago Municipal Code § 5-12-030 (amended May 12, 2010). And the specific provisions of the RLTO relied upon by plaintiff in this complaint provide: (1) "It is unlawful for any landlord or any person acting at his direction knowingly to oust or dispossess or threaten or attempt to oust or dispossess any tenant from a dwelling unit without authority of law" (Chicago Municipal Code § 5-12-160 (amended November 6, 1991)), and (2) "The landlord shall not abuse the right of access or use it to harass the tenant (Chicago Municipal Code § 5-12-50 (amended November 6, 1991)).

¶ 18    Plaintiff's first complaint, however, alleges that the condominium unit in question was owned by Greenspire, which had leased it to Richardson, who in turn had subleased the unit to plaintiff. The Condo Association was therefore not alleged to be the landlord of the unit and indeed was not a landlord under the definition contained in the RLTO. Moreover, the first complaint specifically alleged that it was the Condo Association that committed the acts for which plaintiff sought relief, and there was no allegation that the Condo Association was acting at the direction of Greenspire or Richardson. Because the Condo Association was not plaintiff's landlord, he cannot rely upon the requirements for landlords under the RLTO to support the claims made in the operative first complaint. That complaint was therefore properly dismissed under section 2-615, as it fails to state a cause of action upon which relief can be granted. *The Hoffman Group, Inc.*, 186 Ill. 2d at 424.

¶ 19 We come to the same conclusion regarding the operative second complaint. First, as noted above, this complaint largely consists of a rambling narrative. It is true that under Illinois Supreme Court Rule 282, the plaintiff in a small claims proceeding need only file "a short and simple complaint setting forth (1) plaintiff's name, residence address, and telephone number, (2) defendant's name and place of residence, or place of business or regular employment, and (3) the nature and amount of the plaintiff's claim, giving dates and other relevant information." Ill. S. Ct. R. 282(a) (eff. July 1, 1997). Thus, Rule 282 does not require a plaintiff to plead all the essential elements to state a cause of action but, rather, only requires the plaintiff to "clearly [notify] the defendant of the nature of the plaintiff's claims." *Toth v. England*, 348 Ill. App. 3d 378, 385 (2004); see also *Porter v. Urbana–Champaign Sanitary District*, 237 Ill. App. 3d 296, 300 (1992) (stating that a small-claims "complaint is to be liberally construed").

¶ 20 Still, supreme court rules are not mere suggestions and must be followed. *North Community Bank v. 17011 S. Park Ave*., LLC, 2015 IL App (1st) 133672, ¶ 14. Plaintiff's *pro se* status does not excuse him from compliance with this rule. *Coleman v. Acpakpan*, 402 Ill. App. 3d 822, 825 (2010). Arguably, plaintiff's second complaint does not even meet the minimal standards of Rule 282, where the complaint did not provide plaintiff's address and phone number and the nature of the plaintiff's claims is not clear at all.

¶ 21 Nevertheless, even if we were to find that plaintiff's rambling allegations of false statements by defendants Parish, Holmes and Richardson did make out a recognizable claim, in his complaint plaintiff specifically seeks $37,800 in damages. However, Illinois Supreme Court Rule 281 (eff. July 1, 1997) provides that "a small claim is a civil action based on either tort or contract for money not in excess of $10,000, exclusive of interest and costs." Plaintiff's claim thus falls outside of the scope of the definition of a small claim, and he therefore cannot rely upon the

relaxed pleading standards of Rule 282. Without the benefit of such relaxed standards, there is no question that the second complaint fails to state a cause of action upon which relief can be granted.

¶ 22 We also conclude that the third and fourth complaints were properly dismissed under section 2-619 of the Code.

¶ 23 A section 2-619 motion to dismiss admits the legal sufficiency of the complaint but asserts that certain defects, defenses, or other affirmative matters outside the pleadings defeat the claims. *Austin Highlands Development Co. v. Midwest Insurance Agency, Inc.,* 2020 IL App (1st) 191125, ¶ 10. When analyzing such a motion, the court accepts all well-pleaded facts in the complaint as true, as well as any reasonable inferences from those facts, and construes all pleadings and supporting documents in the light most favorable to the nonmoving party. *Austin Highlands*, 2020 IL App (1st) 191125, ¶ 10. The critical issue on appeal is " 'whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' " *Id*. (*quoting Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993)). Review is *de novo*. *Id*. Again, we may affirm on any basis appearing in the record, whether or not the trial court relied on that basis and whether or not the trial court's reasoning was correct. *Jackson v. Hehner*, 2021 IL App (1st) 192411, ¶ 27.

¶ 24 In the third and fourth complaints, plaintiff specifically alleges that the defendants named therein made false statements to obtain a TRO precluding him from occupying the unit in the separate proceeding, with the TRO finding that plaintiff had "no possessory interest in the property." In those complaints, plaintiff seeks to recover damages for his improper displacement from the unit due to the entry of that TRO. However, attached to the motion to dismiss is an agreed settlement order entered in that separate proceeding on November 23, 2020. Therein, plaintiff was to be paid $1,400 and in exchange he agreed—*inter alia*—to relinquish "any possessory rights he

had or may have had" to the unit in question. Plaintiff and Greenspire also mutually released each other of "any and all claims ***either may have against the other, whether known or unknown," thus resolving that case.

¶ 25    Collateral estoppel precludes a previously-litigated matter from being relitigated if the following three elements are met: (1) the issue decided in the prior adjudication is identical to the one presented in the current action; (2) a final judgment on the merits was entered in the prior adjudication; and (3) the party against whom estoppel is asserted was a party to or was in privity with a party to the prior adjudication. *Dearborn Maple Venture, LLC v. SCI Illinois Services, Inc.*, 2012 IL App (1st) 103513, ¶ 24. In the third and fourth complaints at issue here, plaintiff specifically relies upon his purported possessory interest in the unit to establish his claim and resulting damages. However, the prior, separate litigation involving plaintiff included both an explicit finding that he had no possessory interest in the unit and an express agreement by plaintiff himself to relinquish "any possessory rights he had or may have had" to the unit in question. All three elements of collateral estoppel are established here, and the third and fourth complaints were therefore properly dismissed pursuant to section 2-619.

¶ 26    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 27    Affirmed.